Gordon BJORNSON, Appellant,

v.

Rex McELROY et al., Appellees.

No. 13354.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 17, 1958.

Darrell G. Lochte, Kerrville, for appellant.

James E. Nugent, Burkett & Petsch, Kerrville, for appellees.

POPE, Justice.

Gordon Bjornson sued the County of Kerr, the City of Kerrville, and certain landowners in the Oak Heights Addition to the City of Kerrville, for the purpose of cancelling two plats of that subdivision of record in the office of the County Clerk. The trial court denied the relief and Bjornson has appealed. He was the successor to C. L. Cunningham, who originally owned and platted the lands. The two points presented by this appeal are, that the plats were not approved by the proper authorities before they were recorded, and that the plats did not comply with the requirements of Section 1, Art. 974a, Vernon's Ann.Civ.Stats., in that they failed to locate the subdivision with respect to an original corner of the original survey of which it is a part. The judgment should be affirmed.

Two plats of the subdivision appear of record in the office of the County Clerk of Kerr County. The first plat shows only the blocks and streets, but no lots within the block and no easements for utilities. A few pages beyond the record of the first plat is a second plat which shows the same subdivision, but it includes all the lots, the easements and other detailed information. At the time of trial some lots and property had been sold on the basis of the recorded plat. The streets, alleys and a park had also been dedicated to the public, and the City of Kerrville had expended funds within the subdivision.

Plaintiff failed to prove the first contention that the plats were not approved by the proper authorities. The first, incomplete plat was approved. Plaintiff seeks to cancel the second, more complete plat, but the facts about that plat are so indefinitely proved that the trial court properly denied the cancellation for that reason alone. The record shows that at some prior date, the court heard a plea in abatement, and that the parties agreed that the matters heard on that plea would also be considered on the merits. Plaintiff has not brought forward that record. If plaintiff desired to attack the judgment on the basis of the evidence, it was his duty to bring forth the statement of facts which forms the basis of the court's ruling.

Plaintiff introduced a copy of the second plat, but not from the plat records. It was agreed that the second plat would show, "as to the blueprinted portions thereof," the same as the first plat, which was properly introduced and authenticated. From this copy of the original record, the acknowledgments and certificates of approval seem to be the same as that found on the first plat of the same subdivision. On the copy, however, the acknowledgment of the owner appears blurred. This character of proof shows that there was a poor blueprinting job, but it falls short of showing that the plat was improperly acknowledged or approved. Plaintiff also endeavored to prove by direct testimony that the plat was never approved. To do this, he called adverse counsel who disclaimed any original information. No other proof was offered on the point. We regard this as total failure of proof.

Section 1, Article 974a states that a plat should be located with respect to an original corner of the original survey of which it is a part. The document offered in evidence, ties the plat to the original survey by these words which appear on the plat:

"Subdivision Plat of Oak Heights Addition, Being 85.02 ac. out of Rowland Nichols Survey No. 126."

It was stipulated that the subdivision was within five miles of the City of Kerrville. The plat shows and identifies as one of its corners, the intersection of Ingram Road and Farm Road 1338, which is easily located. A surveyor called by plaintiff stated that he could and did locate the tract and its parts without difficulty. Though the plat may be faulty in several of its calls, the surveyor, in fact, was able to locate the corners of the tract with reference to the original survey, and the statute was substantially met.

In our opinion, the correct procedure for vacating a plat of record is, as stated in Section 5 of Article 974a, Vernon's Ann.Civ.Stats., by application of all the owners of lots in the plat, and with the approval of the City Planning Commission or the governing body of the city. Blythe v. City of Graham, Tex.Civ.App., 287 S.W.2d 527; Priolo v. City of Dallas, Tex.Civ.App., 257 S.W.2d 947.

The judgment is affirmed.