

# The Attorney General of Texas

### November 13, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

751 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Bill Stubblefield
Williamson County Attorney
Georgetown, Texas 78626

Opinion No. H- 1261

Re: Partial vacation of sub-division plats.

Dear Mr. Stubblefield:

You advise that land within the extraterritorial jurisdiction of the City of Austin under V.T.C.S. articles 6626 and 974a, but not within the corporate city limits, and within Williamson County, was properly subdivided, platted, and filed. Part of the lots within this original subdivision were sold. A new subdivision is now proposed which will contain a portion of the unsold lots in the original subdivision. The purchasers of lots in the original subdivision have not filed an application for vacation. Except for the application by the purchasers of lots in the original subdivision, the partial vacation of the original subdivision and the replat of the new subdivision have been properly acknowledged and proved. The county clerk of Williamson County has received a request to file and record the partial vacation of the portion of the old subdivision to be resubdivided and the plat of the proposed new subdivision. For purposes of this opinion we will assume that the proposed new subdivision meets any requirements imposed under V.T.C.S. article 6626a, concerning proper description of land, drainage and street construction, and surety bonding. You ask whether the Williamson County clerk has a duty to file the above described vacation and new subdivision plat, and if he could incur any liability in the event of a suit contesting the proposed subdivision.

Article 974a, section 5, V.T.C.S., provides, inter alia:

> In cases where lots [out of a subdivision within a city's jurisdiction] have been sold, the plan, plat or replat, or any part thereof, may be vacated <u>upon the application of all the owners of lots in said plat</u> and with the approval ... of the City Planning Commission or governing body of said city, as the case may be. The County Clerk of the county in whose office the plan or plat thus vacated has been recorded shall write ... across the plan or plat so vacated the word "Vacated,". . . .

(Emphasis added). The quoted provision describes the procedure for vacating a plat. The courts have agreed that the correct procedure for vacating a recorded plat requires the application of all lot owners. See Bjornson v. McElroy, 316 S.W.2d 764 (Tex. Civ. App. — San Antonio 1958, no writ); Blythe v. City of Graham, 287 S.W.2d 527 (Tex. Civ. App. — Fort Worth 1956, writ ref'd n.r.e.); Priolo v. City of Dallas, 257 S.W.2d 947 (Tex. Civ. App. — Dallas 1953, writ ref'd n.r.e.). See generally M. Pohl, Establishing and Altering the Character of Texas Subdivisions, 27 Baylor L. Rev. 639, 650 (1975). In our opinion, unless all owners join in the application for vacation, the clerk is not authorized to accept the vacation instrument, write "Vacated" across the plat, or annotate it as provided in section 5.

We believe, however, that the clerk is authorized to accept the proposed plat of the new subdivision. Article 974a, section 2, requires that every plat be acknowledged by the owners or proprietors of the land. See also V.T.C.S. art. 6626. We believe that the relevant group of owners consists of those within the new plat and does not include owners whose land lies outside of it. Section 3 requires that the plat or replat be approved by the city planning commission or a similar agency. In our opinion, if the replat is acknowledged by the owners of land within it and is properly endorsed by the relevant planning agency, the clerk has a ministerial duty to file it. See V.T.C.S. art. 6626 (plat must be approved by planning commission); Attorney General Opinions H-1155 (1978) (clerk must file pleadings even though not certified); H-426 (1974) (clerk may reject instrument clearly defective on its face); C-695 (1966) (clerk must file deed referring to plat not recorded pursuant to article 974a, V.T.C.S.).

Article 974a includes a penalty provision which states in part:

> When any . . . replat is tendered for filing in the office of the County Clerk . . . it shall be the duty of such Clerk to ascertain that the proposed . . . replat is or is not subject to the provisions of this Act, and if it is subject to its provisions, then to examine said . . . replat to ascertain whether the endorsements required by this Act appear thereon. If such endorsements do appear thereon, he shall accept same for registration. If such endorsements do not appear thereon, he shall refuse to accept same for registration.

Sec. 7. Filing of a replat contrary to the provisions of article 974a, V.T.C.S., constitutes a misdemeanor punishable by fine. Id. Section 7 requires the clerk to file a replat endorsed by the city planning commission pursuant to section 3. We find no requirement in article 974a that a plat be vacated before a replat of the land is accepted for filing. Consequently, the prohibition and penalty provisions of section 7 do not apply to the plat of the proposed subdivision. Since section 7 applies only to any "map, plat, or replat," it does not penalize the filing of a vacation instrument contrary to the requirements of section 5 of article 974a.

The clerk will incur no personal liability for filing an instrument when required to do so by statute. Attorney General Opinion H-843 (1976); see Morris v. Nowotny, 323 S.W.2d 301 (Tex. Civ. App. — Austin 1959, writ ref'd n.r.e.). He therefore cannot be held liable for filing a plat or replat which facially complies with the requirements of article 974a. Whether or not he can be held liable for filing a vacation instrument in violation of the requirement that all lot owners join in the application will depend on all the relevant facts and circumstances. Eubanks v. Wood, 304 S.W.2d 567 (Tex. Civ. App. — Eastland 1957, writ ref'd n.r.e.); Worsham v. Votgsberger, 129 S.W. 157 (Tex. Civ. App. 1910, no writ).

We note finally that the original plat must be vacated pursuant to article 974a, section 5 in order for the resubdivision to be valid. We base our opinion on the case of Blythe v. City of Graham, 287 S.W.2d 527 (Tex. Civ. App. — Fort Worth 1956, writ ref'd n.r.e.). In Blythe, the plaintiff, a purchaser of a lot in a subdivision, challenged the easing of restrictions and resubdividing of unsold lots in the same subdivision. The restrictions were to be lifted only to such a degree that they would be equal to those imposed on plaintiff's lot. The court held that the unsold lots could not be resubdivided without an application for vacation by the plaintiff under V.T.C.S. article 974a, section 5. It stated as follows:

> If the city thereafter desired to replat ... [the sub-division] surely it would have to follow the procedure prescribed in Section 5 of Art. 974a in connection with the replat. ...

287 S.W.2d at 530. As in Blythe, the injured landowner may be able to challenge the resubdivision in court. See M. Pohl, supra at 671. We do not, however, believe that article 974a makes the county clerk responsible for ascertaining that the original plat has been properly vacated before he files a resubdivision plat.

## SUMMARY

The county clerk may not file a vacation instrument submitted pursuant to article 974a, V.T.C.S., unless all owners of lots in the plat join in the application. Section 7, the penalty provision of article 974a, does not apply to the unauthorized filing of a vacation instrument, although the clerk may be personally liable for filing the document, depending on the facts. The clerk must file a replat acknowledged by the owners of land within it and properly endorsed by the relevant planning agency pursuant to article 974a, section 3. Although vacation of the original plat is a necessary step in the resubdivison of land pursuant to article 974a, the statute does not make the clerk responsible for enforcing that requirement.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jan