## MILLER, Mayor, et al. v. STATE ex rel. MEYERS, County Attorney.

### No. 3941.

Court of Civil Appeals of Texas. Amarillo.

Oct. 5, 1932.

Rehearing Denied Nov. 2, 1932.

Jos. H. Aynesworth and Hiram K. Aynesworth, both of Borger, for plaintiffs in error.

Vance Huff, W. M. Sutton, and Underwood, Johnson, Dooley & Simpson, all of Amarillo, for defendants in error.

HALL, C. J.

This is a proceeding praying for a mandamus, instituted by order of the Attorney General in the name of the state of Texas, acting on relation of Henry D. Meyers, the county attorney of Hutchinson county, to require John R. Miller, mayor, and the four commissioners of the town of Borger in said county, to order an election for the recall of said city officials. Davis, the city manager, and Miss Wiley, the city secretary, were made parties to the suit.

No issue is made upon the sufficiency of the pleadings of either party. The petition of the state of Texas contains all the necessary allegations showing that Borger is a municipal corporation, organized under the home

rule statutes of Texas, and operating under a written charter, duly adopted by the qualified voters of the city. It is alleged that the governing body of the city is composed of five commissioners; one of said commissioners being the mayor, Miller. There are set out certain sections of the charter which provide for a recall of the mayor and any or all of the commissioners, and these sections, with great particularity, prescribe the prerequisites and formalities to be complied with in calling and conducting said election. It is conceded that all of the formal prerequisites were strictly complied with, and that the recall petitions, containing approximately 400 names, or more than 30 per cent. of the voters of said city, were duly signed and presented to the proper city authorities on, to wit, the 22d day of February, A. D. 1932. It is further alleged that thereafter, on March 15, 1932, the said city council, having received the petitions for recall from the city clerk, entered an order upon the minutes of the city commission, which recites, in substance, that the commission had heard the report of the city manager as to the number of the petitioners; that the acting city attorney had been requested to give his opinion to the council; that, after the opinion had been read and discussed, relative to the power of the commission to pass upon the petitions and order a recall election of themselves, and after they had been advised that they did not possess the power to act therein if they were interested, it was then decided by the commission that they and each of them were directly interested in the recall petitions and the ends which they sought, and it was therefore found by the city commission that they did not have the right or authority to pass upon the same, and it was so ordered by unanimous vote.

It is then alleged that the city commission in meeting and passing said order acted capriciously, arbitrarily, unlawfully, and fraudulently, and that said action was for the express purpose of denying and refusing to the citizens of Borger their charter right to have a recall election for the purpose of determining whether or not the present mayor and city commission should be recalled.

It appears that this suit was filed on the first day of the April term of the district court, and, upon presentation to the court, the judge ordered that copies of the petition be served upon each of the several defendants and set the cause down for hearing at 10 o'clock on April 6th. However, the case was not heard until April 25th. On that day judgment was rendered by the court, after hearing the pleadings and evidence, awarding a peremptory writ of mandamus against the defendants, commanding them to meet on May 3, 1932, and to then and there consider the recall petitions, and, after consideration thereof, to issue an order for a recall election

and to give previous notice thereof in the manner required by the city charter and the laws of the state of Texas; the purpose of said election being to permit the people of Borger to determine whether the mayor and commissioners shall each or all be recalled and that said election be held in said city not less than twenty days nor more than forty days from the 3d day of May, 1932.

Findings of fact are incorporated in the judgment to the effect that all and every requirement set out in the city charter dealing with the subject of the recall of officers are fully and completely complied with, and this finding is not challenged. The court further finds that the only reason said recall election was not ordered and held was the wrongful acts of the defendants in refusing to consider the petitions upon the ground that to do so and to order the election would be a violation of the Constitution which prohibits any judge from sitting in any case wherein he may be interested.

■ The appellants' assignments of error to be first considered challenge the right of the court to hear the controversy at the April term because the suit was not filed until the 1st day of said term, and no citation had been issued or served upon them ten days before the convening of court, for which reason the court had no jurisdiction.

We overrule this contention, and think it is clear from the reading of article 1914, Rev. St., under which the district judge acted in this case, that the Legislature did not intend that the general statute, article 2036, should apply and require that citation should be issued in mandamus proceedings and served ten days before the first day of the term of the court to which the suit was filed.

Article 1914 provides that judges of the district courts may, either in term time or in vacation, grant writs of mandamus, injunction, etc. Power to grant the writ in vacation is inconsistent with the idea that citation should be issued as in a suit regularly filed and be served ten days before the first day of the term.

■ As further governing the procedure in the issuance of a mandamus, R. S. art. 2328, provides that no mandamus shall be granted on ex parte hearing and any peremptory mandamus granted without notice shall be abated on motion.

The implication from the language of this article is that written notice, though not in the form of a citation nor containing all the requisites thereof, is sufficient. This holding is in accordance with the holdings of other courts in Texas passing upon the question. Jones, Mayor, v. Doherty (Tex. Civ. App.) 56 S. W. 596; Bradley v. McCrabb, Dallam Dig. 504; Fitzhugh v. Custer, 4 Tex. 391, 51 Am.

Dec. 728; Thorne v. Moore, 101 Tex. 205, 105 S. W. 985; Extraordinary Legal Remedies (Ferris) § 229; 38 C. J. 880, § 595; 38 C. J. 929, § 707.

The court entered judgment decreeing the issuance of a mandamus on April 25th. The suit was filed on April 4th. Notices were forthwith issued citing all of the defendants to appear on the 6th day of April. According to the record, the defendants had more than ten days before the hearing to prepare for the trial.

Plaintiffs in error further contend that under the Constitution, art. 5, § 11, and laws of Texas, they, as city commissioners, were prohibited from sitting in judgment and passing upon the petition asking for a recall "of themselves."

This proposition is not sustained by the record. The petition did not ask for the recall of the mayor and commissioners, but its purpose was to have the city commission provide for a recall election. We do not and cannot know what the result of that election, if called, would have been.

It is further contended that, because the city commissioners had passed upon the question of their interest and decided that they were disqualified from acting, such decision was the judgment of a court of competent jurisdiction and was a result of the hearing upon the evidence had and was the exercise of a judicial discretion reposed in them, and that the trial court was without jurisdiction, power, or authority to award a mandamus based upon the petition filed.

The further contention is that, because the commission had met and considered the questions of fact as to their being interested and found that they were interested in the subject-matter and object of the petition and applied the law thereto, as being interested, they were disqualified from acting, and the trial court was without power to direct them in the exercise of their discretion, and, if they are mistaken in that contention, then a mandamus will not lie directing them in the manner of the exercise of their discretion, nor could the court tell them what judgment to enter; he could only order them to reconvene and proceed to consider the petition in an untrammeled way.

Article 5, § 11, of the Constitution, provides that "No judge shall sit in any case wherein he may be interested"; and plaintiffs in error interpose this article in justification of the commission's refusal to consider the petitions asking them to order a recall election.

■ It must be admitted that there is a want of harmony in the decisions upon the main questions involved in this appeal. The matter of calling an election after being petitioned to do so in compliance with all of the provisions of the city charter and the calling of such an election cannot be held to jeopardize or involve the interest of the city commissioners unless it be assumed that the election would result in their recall. We are not entitled to indulge any such assumption. The charter of the city of Borger specially provides for elections to be held at stated intervals to determine whether its officials shall be recalled. When the commissioners were elected and accepted their respective offices, they had knowledge of this charter provision, and they must be presumed to have accepted their offices with knowledge of the conditions imposed by the recall provision. It has been held that such provisions in city charters are constitutional. Bonner v. Belsterling, 104 Tex. 432, 138 S. W. 571; Id. (Tex. Civ. App.) 137 S. W. 1154. Our conclusion is that, if all the conditions precedent to the calling of the election had been complied with, no interest, financial or otherwise, of any commissioner was involved by merely ordering the election. It is true that, in inspecting the petitions and reviewing the proceedings incident to such a call, the commissioners would to some extent be required to exercise official discretion, but, in the case of Parrish v. Wright (Tex. Civ. App.) 293 S. W. 659, 663 (writ of error refused), this court said mandamus is a proper remedy to compel a reasonable exercise of official discretion; it not necessarily following merely because a duty is discretionary the right will not lie, and, further citing Ferris Extraordinary Legal Remedies, said that: "A ministerial act is one which a person performs in a given state of facts and in a prescribed manner in obedience to the method of legal authority, without regard to his own judgment on the propriety of the act being done. The distinction between ministerial and judicial and other official acts is that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but, where the act to be done involves the exercise of discretion or judgment in determining whether the duty exists, it is not to be deemed ministerial. Although mandamus is the appropriate remedy to compel the performance of a duty which is plain, positive, and ministerial in character and clearly imposed by law, it does not necessarily follow merely because the duty is discretionary or that the element of discretion exists in part, that mandamus will not lie. The correct rule is that mandamus will not lie where the duty is clearly discretionary and the party upon whom the duty rests has exercised his discretion reasonably and within his jurisdiction; that is, upon facts sufficient to support his action."

■ In the instant case the commissioners, as shown by the order entered upon their minutes, after a conference with the city attorney, refused to call the election upon the

ground that they would, as judges, be sitting in a case wherein they were interested. The effect of this conclusion was to prevent them from exercising any discretion in passing upon the sufficiency of the petitions and the other proceedings upon which their action in calling an election must necessarily rest. The facts upon which they held themselves to be disqualified were simply these: They were commissioners, duly elected and qualified. By petitions admitted to be legal in every respect, they had been asked to call an election in which the issue of their recall was to be tested by popular vote. If the conditions precedent had been complied with, then the act of entering an order calling the election was a plain ministerial duty. If the election had been called, they may, as officials, have been interested in the result, but the act of calling the election and the results at the ballot box are separate and distinct matters.

The author above quoted further says: "It is well settled that mandamus may properly be invoked to compel a reasonable exercise of official discretion where there is a failure or refusal to perform such duty resulting from an office, trust or station; that is, an officer may be compelled to act so far as is necessary to an actual exercise of his judgment or discretion in determining whether he ought to do or refrain from doing that which the petitioner desires. Even though an officer have discretion, he cannot simply fold his hands and refuse to do anything."

Taking refuge behind the constitutional provision, the plaintiffs in error have folded their hands, and, so far as this record shows, arbitrarily refused to consider the petitions.

It is not contended that there was any defect or informality in any of the proceedings. Four of the commissioners each testified that merely calling the election would not affect his interest one way or the other unless a majority of the people voting at the election saw fit to recall them from office.

In the case of Sansom v. Mercer, 68 Tex. 488, 5 S. W. 62, 64, 2 Am. St. Rep. 505, Judge Gaines construed a statute (Rev. St. 1879, art. 503a, as amended by Acts 1883, c. 96) which provided in part, as follows: "Whenever fifty qualified voters of any territory within the limits of any incorporated town shall sign and present a petition to the mayor of such city praying that such territory, setting the same out by metes and bounds be declared no longer a part of such town, it shall be the duty of the mayor thereof to order an election within thirty days thereafter to be holden at the different voting precincts of said town: and if a majority of the legal voters of said town voting at such election, cast their votes in favor of discontinuing said territory as a part of said town the mayor of said city shall declare such territory no longer a part of said city."

It appears from the facts in that case that the territorial limits of the town of Alvarado were more than a mile in diameter. That about eighty people, qualified voters, living outside of a circle inscribed by a radius of a half mile from the center of the town, petitioned the mayor to order an election to eliminate that part of the territory from the city proper. Upon the mayor's refusal to order the election, they instituted suit. In that case the defendants contended that the act which the mayor was called upon to perform involved the exercise of discretion and judgment on his part, and therefore mandamus would not lie. The case went off on demurrer in the trial court. The pleadings showed that there was a surplus of territory, and that at least fifty qualified voters had signed the petition. Judge Gaines said, if there had been any controversy as to the existence of these facts, the mayor could not be compelled to order the election, but, such facts being admitted, the discretion of the mayor ceased. The act to be done, that is, calling the election, was purely ministerial, and the mayor's duty became absolute, and he could by mandamus be compelled to perform it. It is further said: "The fact that preliminary to his action he must know that there is an excess of territory beyond the statutory requirements, and that the requisite number of voters have signed the petition, does not invest him with the discretion to refuse to order the election, when, as a matter of fact, there is no controversy as to the excess, or as to the number and qualification of the signers." Under such circumstances, the court held that the mayor's action was arbitrary. In that same case the court held that a general denial by the defendants of the facts alleged by the plaintiff in a proceeding for mandamus was no answer at all.

The answer in the instant case admitted that the charter requirements had been complied with, except as to the qualifications and number of citizens who had signed the petition. The appellees' allegations that 400 qualified citizens had signed the petition, which constituted more than 30 per cent. of the qualified electors of Borger, was neither admitted nor denied by the pleading of plaintiffs in error. This was an admission of such facts. Giraud v. Winslow (Tex. Civ. App.) 127 S. W. 1180; May v. Finley, 91 Tex. 352, 43 S. W. 257; Town of Pearsall v. Woolls (Tex. Civ. App.) 50 S. W. 959.

We find in the books referred to in the briefs of counsel that much has been said upon what constitutes a ministerial duty, and when an official is exercising his discretion in a quasi judicial capacity. As held in the Parrish Case, supra, the fact that an officer is called upon to exercise reasonable discretion and refuses to do so does not exempt him in a suit for mandamus brought to compel him to act.

In the case of Benge v. Foster (Tex. Civ. App.) 47 S.W.(2d) 862, 864, Benge sued Foster, the district clerk, and the sureties on his official bond, to recover damages occasioned by the negligent conduct of the clerk in approving a replevy bond which proved to be worthless. The court sustained a general demurrer to the petition, presumably upon the ground that Foster was not liable because in the performance of his duty he acted in a quasi judicial capacity. The judgment of the trial court was reversed, this court saying: "In passing on the sufficiency and solvency of the sureties to a bond, he [the clerk] has the opportunity of ascertaining the solvency of the sureties, inquiring as to their financial condition and by an examination of the records of his county. If the sureties tendered do not reside in the county but in some other county in the state of Texas, the law provides for proof of their solvency by certificate from the clerk of the county in which they reside. If the clerk of the court in which the suit is filed fails to inform himself from the means at hand, he is culpably negligent and should be held liable. If such clerk, after availing himself of the means given him of ascertaining the solvency of the sureties, is in some manner deceived by proof, the falsity of which he could not know, then it is likely he would not be liable for his determination in the matter. But where he willfully or negligently fails or refuses to make any inquiry or to make an examination of the records or to do anything to ascertain the solvency of sureties whom he does not even know, he is not performing a judicial act. He is not functioning as a court." A writ of error was denied.

This case has been thoroughly briefed by counsel for both sides, and an investigation of the authorities cited shows that the courts are divided upon the questions presented. However, it is apparent that the trend of the modern decisions is toward a more liberal construction of the rules governing the right to a writ of mandamus requiring officials to perform duties prescribed by statute. No actual fraud on the part of the mayor and commissioners is charged or shown by the evidence. They acted upon advice of their duly appointed counsel, but their refusal to consider the petitions and take any action whatever under the provisions of the charter amounts to constructive fraud, which is a breach of a legal or equitable duty, and which the law declares fraudulent because of its tendency to injure the public interests. Such action is unquestionably arbitrary. We deem it unnecessary to enter into an extended discussion of the multitude of authorities cited by the parties, which would unnecessarily prolong this opinion. Suffice it to say that there is a direct conflict between respectable courts which cannot be reconciled by a discussion of the several cases. The trial judge heard the testimony, which in all things sustains his findings and judgment.

Because we believe a correct disposition has been made of the case, the judgment is affirmed, and the trial court is instructed to further consider the application and enter an order requiring the commissioners to call the election, fix a time when the same shall be held, and to in all things comply with the requirements and provisions of the city charter governing recall elections.

Affirmed.