**Ellis EUBANKS, Appellant,**

v.

**Joe WOOD et ux., Appellees.**

**No. 3335.**

Court of Civil Appeals of Texas.

Eastland.

July 19, 1957.

Rehearing Denied Aug. 9, 1957.

Little & Gilliland, Big Spring, for appellant.

Hartman Hooser, Big Spring, Warren Burnett, Odessa, for appellee.

COLLINGS, Justice.

This is a suit by Joe Wood and his wife, Bessie Mae Wood, against Ellis Eubanks and J. C. Godwin, police officers of the City of Big Spring, Texas. Plaintiffs sought damages for personal injuries received by Mrs. Wood when the automobile in which she was riding as a passenger was struck by a police car owned by the City of Big Spring and operated by the defendant Ellis Eubanks in the course of his employment by the City as a police officer. The case was tried before a jury and at the close of the evidence both defendants moved the court for an instructed verdict. The motion of the defendant J. C. Godwin was granted and special issues bearing upon the liability of Ellis Eubanks were submitted to the jury. After the verdict was returned and received by the court, Eubanks made a motion for judgment non obstante veredicto, which the court refused. The court then rendered judgment on the verdict in favor of the plaintiffs and against Eubanks for $8,500. Eubanks has brought this appeal.

The evidence shows that Mrs. Bessie Mae Wood was on March 16, 1956, employed as a cook at the Rainbow Drive In Cafe in Big Spring, Texas. After she had finished her work at the cafe shortly past midnight, and just before the accident in question, she and another employee at the cafe were being carried home by their em-

ployer in his automobile. As the car in which she was riding was proceeding south on Johnson Street in Big Spring and came to 4th Street, Mr. Whitefield, the driver, after stopping at the intersection, proceeded to cross 4th Street and was struck by the police car which was traveling east along said street.

It is undisputed that the car which struck the automobile in which Mrs. Wood was riding and caused her injury was owned by the City of Big Spring and operated by the defendant Ellis Eubanks, who at the time was a police officer for the City and engaged in the course of his employment as such an officer. The defendant Godwin, who was also a police officer, was with Eubanks at the time and had charge of the radio. Some time after midnight the officers received a call over the radio that there was a "suspicious car" at 4th and State Streets that should be investigated. At the time they received this information the patrol car in which they were riding was on 3rd Street, west of State Street, and they were traveling in a westerly direction. The officers continued driving west on 3rd Street until they came to Main Street. There they turned south, went one block and turned east on 4th Street toward State Street. Fourth Street is a three lane, one-way street running east and west through the City of Big Spring. They then proceeded east down the center lane of 4th Street at a normal rate of speed for one block, but after passing the intersection at Runnels Street Eubanks started speeding up. One block further east at the intersection of 4th and Johnson Streets the collision in question occurred. The signal lights at the intersection were not operating at that time of the night and there were no stop signs for traffic going east on 4th Street, or for traffic going south on Johnson Street. Eubanks testified at the time of the collision he was driving the police car at a rate of about 35 or 40 miles per hour. He testified that he saw the car in which Mrs. Wood was riding when it was about 30 or 40 feet from the intersection; that he

struck the car on the right rear, "right over the right rear wheel", as he was traveling down the center lane of 4th Street; that there was plenty of room for his car to have passed in the extreme north lane of 4th Street; that he did not turn left, or change the direction he was traveling, for the reason that he was busy estimating the speed of the other vehicle.

Eubanks contends that the court erred in not granting his motion for an instructed verdict and in refusing his motion for judgment non obstante veredicto. He contends that he was immune from a suit of the kind and nature brought against him because the evidence shows conclusively that at the time of the accident he was engaged in and carrying out a governmental function for the City of Big Spring; that he was employed by the City as a police officer and was at the time engaged in the course of such employment. Appellant particularly contends that he is not liable in view of the fact that the only ground of negligence of which he was found to be guilty related to the speed at which he was operating the police car. The jury found that he operated the police car at an excessive rate of speed under the circumstances and that he failed to have his vehicle under proper control. The jury had been instructed that proper control meant the operation of an automobile "in such a manner and at such a rate of speed" that one could by the use of ordinary care avoid a collision with a vehicle which one might reasonably foresee would come into his pathway. Appellant calls attention to Article 791 of Vernon's Penal Code which provides that statutes relating to the speed of motor vehicles shall not apply to fire patrols or motor vehicles operated by the fire department of any city, town or village responding to calls, nor to the police patrols or physicans and/or ambulances responding to emergency calls. Appellant urges that as a police officer on patrol in the City of Big Spring, he was by statute exempt from the operation of the speed laws of the State of Texas and was, there-

fore, not liable for any injury resulting to another by reason of the rate of speed at which he was operating the motor vehicle on the occasion in question. He urges that there was no evidence, or, in any event, insufficient evidence to show that he committed any act which might have caused or contributed to the accident other than the speed at which he was operating his car. The action and conduct of appellant of which complaint is made and for which he is sought to be held civilly liable does not involve matters within his discretion as an officer, or any judicial act within official jurisdiction. See 34 Tex.Jur. 647; Campbell v. Jones, 153 Tex. 101, 264 S.W. 2d 425. Neither does it involve the neglect of a public duty. See Stinnett v. City of Sherman, Tex.Civ.App., 43 S.W. 847. The complaint against appellant is that he negligently operated his police car on a public street and thereby proximately caused the collision and resulting damage to Mrs. Wood. Ordinarily, an act committed in violation of a statutory duty constitutes negligence per se. No contention is made, however, that appellant is guilty of negligence per se by reason of the speed at which he was operating his police car. The finding of the jury was that appellant operated the police car at an excessive rate of speed under the circumstances. Article 791, supra, provides that statutes relating to speed of motor vehicles shall not apply to police patrols responding to emergency calls. Assuming, without deciding, that appellant was responding to an emergency call at the time of the collision in question, he was still not relieved from the duty of exercising reasonable care for the safety of others. Austin v. De George, Tex.Civ. App., 55 S.W.2d 585, and cases cited therein. Section 75 of Article 6701–d, Vernon's Ann.Tex.Civ.St., dealing with the operation of vehicles and street cars on approach of authorized emergency vehicles recognizes and makes plain the legislative intention not to disturb or destroy this duty of the driver of an emergency vehicle to exercise due care for others under all the circumstances in this case. It provides under

subsection 2(b) of this article that "this section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway."

■ The evidence is conclusive, as Eubanks contends, that he was at the time of the accident engaged in the course of his employment with the City of Big Spring as a police officer. Although cities are not liable for the negligent acts of their police officers in the discharge of their duty, a police officer is not immune from liability for his own negligence while so engaged. Even though he is engaged in the performance of a public duty as a police officer, he is civilly liable when he acts in a wrongful, oppressive or illegal manner. 33 Tex. Jur. 739. He is also liable for his acts of negligence which proximately result in injury to others. 62 C.J.S. Municipal Corporations § 575, p. 1110; 37 Am.Jur. 887; Manwaring v. Geisler, 191 Ky. 532, 230 S.W. 918, 18 A.L.R. 192; United States Fidelity & Guaranty Co. v. Samuels, 116 Ohio St. 586, 157 N.E. 325, 53 A.L.R. 36; La Cerra v. Woodrich, 321 Ill.App. 107, 52 N.E.2d 461.

■■ The jury found in effect that appellant failed to exercise reasonable care for the protection of others in using the streets on the occasion in question, in that he operated a police car at an excessive rate of speed, under the circumstances, and by reason of the speed and the manner in which he operated his police car failed to have same under proper control. The jury further found such action and conduct by appellant to have proximately caused the collision and the resulting damage to Mrs. Wood. These findings are, in our opinion, amply supported by the evidence. We overrule appellant's contention that he is immune from liability because he was engaged in the course of his employment with the City of Big Spring as a police officer at the time of the accident, and that by reason of Article 791, supra, he was not, and could not be, liable for any

injury resulting to another by reason of the speed at which he was operating his police car.

The judgment of the trial court is affirmed.