Juan A. GARZA, Appellant,

v.

Phillip & Leticia SALVATIERRA, Individually and as Next Friend of Robert Justin Salvatierra, a Minor, Appellees.

No. 04–92–00231–CV.

Court of Appeals of Texas, San Antonio.

Nov. 12, 1992.

Rehearing Denied Jan. 25, 1993.

James E. Ingram, James M. Parker, Jr., Butler & Binion, L.L.P., Pablo Escamilla, Escamilla, Poneck & Perez, San Antonio, for appellant.

Jack Pasqual, Kelly O'Connor, Pasqual, Heinrichs, Weixel & O'Connor, San Antonio, for appellees.

Before REEVES, C.J., and BUTTS and BISSETT, JJ.

## OPINION

GERALD T. BISSETT, Assigned Justice.[1]

This is an appeal by Juan A. Garza, defendant in the trial court ("appellant"), from the denial of a motion for summary judgment. We affirm.

Phillip Salvatierra and Leticia Salvatierra, individually and as next friend of Robert Justin Salvatierra, a minor, ("appellees"), sued Juan Garza ("appellant"), individually and in his capacity as an employee of VIA Metropolitan Transit Authority, the City of San Antonio, and VIA Metropolitan Transit Authority ("the Transit Authority"), to recover damages as a result of injuries sustained by the minor when he was struck by a Transit Authority bus, then being operated and driven by appellant.

Appellant was employed by the Transit Authority as a bus driver. On October 26, 1990, Robert Justin Salvatierra, age three, and the minor child of appellees, was riding a tricycle in or near the sidewalk in the vicinity of his home on Ruiz Street in San Antonio, Texas, when he was run over by the Transit Authority bus. At the time and

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

on the occasion in question, the bus was owned by either the Transit Authority or the City of San Antonio, and was being driven by appellant.

At the time of the accident, while making a turn from Ruiz Street onto 20th Street in San Antonio, the bus ran over the minor child Robert Justin Salvatierra, and severed one of his legs from the remainder of his body.

Appellees filed suit to recover damages resulting from the accident. They alleged numerous acts of negligence against appellant in the suit, including: 1) failure to stop at a stop sign; 2) failure to apply the brakes in a timely manner; 3) failure to turn the vehicle to avoid the collision; 4) failure to yield the right-of-way to a pedestrian; 5) failure to sound his horn; 6) failure to maintain proper control of the vehicle; 7) operating a motor vehicle in a wanton or willful disregard for the safety of the minor; 8) operating a motor vehicle in total disregard for safety, traffic, and control devices; and 9) failure to exercise due care to avoid colliding with the minor.

Appellees also alleged that appellant was an agent and employee of the Transit Authority and on the date and time of the accident "was acting in furtherance of their interest as an agent with permission." Although the appellees alleged that appellant was grossly negligent on the occasion in question, there is no allegation that he intentionally ran over the child or acted with malice in his operation of the bus.

Appellant and the Transit Authority denied generally the allegations made in appellees' petition and further pleaded that pursuant to TEX.REV.CIV.STAT.ANN. art. 1118x, § 13A, the Transit Authority is "a unit of government as defined by the Texas Tort Claims Act, and that all operations of the Authority are deemed to be essential governmental functions," and that the Transit Authority "hereby invokes the defense of governmental immunity to the extent to which said defense has not been waived by the Texas Tort Claims Act." Appellant pleaded that he is a governmental employee protected under "quasi-judicial," "official," or "qualified" immunity,

and "is therefore immune from both suit and liability under the laws of the State of Texas."

Appellant filed a motion for summary judgment on March 11, 1992, and alleged that he, as a governmental employee, is clothed with what has been described as "governmental," "official," or "quasi-judicial" immunity, and that he "was an employee who was exercising discretionary duties in the course and scope of his employment at the time of the accident in question."

It was uncontroverted that the accident occurred on a bus route theretofore designated by the Transit Authority, which was followed by appellant on the day of the accident. The summary judgment evidence presented by appellant consisted of affidavits of Scott Baker, Thomas Lucek, and himself.

Mr. Baker testified in relevant part:

I am the Assistant General Manager Development/Legal for VIA Metropolitan Transit Authority, and have knowledge concerning both the formation of VIA and its legal status. VIA was established pursuant to Article 1118x of the Texas Revised Civil Statutes. A true and correct copy of Article 1118x is attached to my affidavit and should be considered as part of my testimony.

Mr. Lucek testified in pertinent part:

I am the Manager of Operations for VIA Metropolitan Transit Authority. I have been employed at VIA for 9 years and have personal knowledge of the matters contained herein.

How a bus operator such as Jesus A. Garza proceeds in completing his or her assigned route involves numerous discretionary acts. While a driver must follow generally applicable traffic laws and should follow VIA's Operator's Manual of Rules and Procedures to the extent possible, his or her manner of operating the bus is otherwise within his or her discretion. For example, a driver must react to the situation around him, modifying his actions to fit the conditions in which he or she finds himself or herself. He or she must use personal discretion,

deliberation and judgment over how fast to go under the conditions; whether or not lane changes or turns can be made with safety; whether to overtake and pass other vehicles on the left side; whether to cross the center lane to pass obstructions in the road; whether to overtake other vehicles or pass on the right; whether the right-of-way should be yielded to other traffic in a particular situation; what actions to take in response to the presence of pedestrians or animals in the roadway; whether or not to sound the vehicle's horn; whether to drive on the shoulder of the main roadway; and numerous other discretionary acts as the situation necessitates.

There are many unpredictable and unforeseen circumstances that arise everyday in driving a mass transit route. The judgment and discretion required of the operators are unique to public mass transit operations. The bus operators are held to a higher standard of care for their passengers than are drivers of private automobiles. Further, drivers of public mass transit vehicles are faced with situations which private carriers of passengers are not. For example, a driver of a public bus sometimes operates on routes where private carriers either cannot or do not operate. They must operated large vehicles on residential streets, and are faced with discretionary decisions requiring use of their personal judgment every day.

Appellant stated in his affidavit:

On the date of this accident, October 26, 1990, I was operating a bus in the course and scope of my employment for VIA Metropolitan Transit Authority. I used my own personal judgment and discretion in making the turn onto 20th Street from Ruiz Street that day, and did not intentionally and willingly injure R.J. Salvatierra with the bus. I did not, and do not now, bear any malice towards him or any other person involved in this suit.

On March 25, 1992, appellees filed a response to appellant's motion for summary judgment. They attached excerpts from depositions previously taken in this case. Such excerpts were designed to demonstrate that there was a fact issue concerning the alleged negligence of appellant in his operation of the bus. Appellees, while arguing that appellant was not entitled to immunity, did not present any summary judgment evidence contesting appellant's claim that he is a governmental employee who is protected under the doctrines of "governmental," "official," or "quasi-judicial" immunity.

On April 3, 1992, the trial court, after a hearing, denied appellant's motion for summary judgment. Appellant then perfected an appeal pursuant to TEX.CIV.PRAC. & REM. CODE ANN. § 51.014(5) (Vernon Supp.1992).[2] He complains of the trial court's denial of his motion for summary judgment in two points of error. He contends in his first point that the trial court erred in denying his motion for summary judgment as he "is entitled to immunity as a matter of law." He asserts in his second point that he was entitled to summary judgment as the summary judgment evidence shows that he is immune from the negligence action brought against him by appellees. Both points will be discussed together.

■ The question to be decided in this appeal is whether appellant is entitled to immunity from suit and liability from the acts of negligence alleged against him in this case. In answering that question, we must determine whether his acts were ministerial or discretionary.

■ In order for summary judgment to be proper, appellant must establish that he is entitled to judgment as a matter of law and that there is no genuine issue of material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In reviewing the record in this case, we view the evidence in the light most favorable to appellees, the non-movants,

---

**2.** Section 51.014(5) provides that a person may appeal from an interlocutory order of a district court ... that; (5) denies a motion for summary judgment that is based on an assertion of immu-nity by an individual who is an officer or employee of the state or a political subdivision of the state.

and resolve all doubts and inferences in favor of the non-movants. *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 593 (Tex. 1975). We must accept as true the non-movants version of the facts from the admissible summary judgment evidence. *Wilcox*, 531 S.W.2d at 593; *Crystal City Indep. School Dist. v. Crawford*, 612 S.W.2d 73, 74 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

■ To prevail on a motion for summary judgment based on quasi-judicial immunity, an individual employee has to prove as a matter of law that: 1) his or her position had quasi-judicial status; 2) he or she was acting within the course and scope of his or her employment; and 3) he or she was acting in good faith. *Eakle v. Texas Dep't of Human Services*, 815 S.W.2d 869, 875 (Tex.App.—Austin 1991, no writ).

■ As a general rule, governmental employees have a common law immunity from personal liability while performing discretionary duties in good faith within the course and scope of their authority. *Chapman v. Gonzales*, 824 S.W.2d 685, 687 (Tex.App.—Houston [14th Dist.] 1992, writ denied). There is a distinction between official duties which are discretionary and those which are ministerial in nature. The distinction is stated in *Miller v. State*, 53 S.W.2d 838 (Tex.Civ.App.—Amarillo 1932, writ ref'd), in a mandamus action against the mayor and commissioners of the City of Borger, Texas, to order an election for the recall of the commissioners in these words:

A ministerial act is one which a person performs in a given state of facts and in a prescribed manner in obedience to the method of legal authority, without regard to his own judgment on the propriety of the act being done. The distinction between ministerial and judicial and other official acts is that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is min-

isterial; but, where the act to be done involves the exercise of discretion or judgment in determining whether the duty exists, it is not to be deemed ministerial.

*Id.* at 840.[3]

In the instant case, it is shown conclusively that on the occasion in question, appellant was an employee of a governmental unit, was acting within the course and scope of his employment, and was performing his duties in good faith. Therefore, the only remaining issue is whether his acts at the time of the accident were discretionary or ministerial.

■ The question of whether a governmental employee under the facts presented in this appeal was negligent is immaterial when deciding whether he or she was performing discretionary functions; if he or she was performing discretionary functions, he or she is protected by official immunity regardless of the negligent exercise of his or her public duties. *Chapman*, 824 S.W.2d at 687; *Carpenter v. Barner*, 797 S.W.2d 99, 101–02 (Tex.App.—Waco 1990, writ denied); *Torres v. Owens*, 380 S.W.2d 30, 34–36 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.).

In *Eubanks v. Wood*, 304 S.W.2d 567 (Tex.Civ.App.—Eastland 1957, writ ref'd n.r.e.), a passenger in an automobile was injured when the automobile in which she was riding was struck by a police automobile at an intersection in Big Springs, Texas. The police automobile was owned by the City of Big Springs. The police officer was operating the police automobile in the course and scope of his employment by the City as a police officer at the time of the accident. In the trial that evolved, the police officer contended that "he was immune from a suit of the kind and nature brought against him because the evidence shows conclusively that at the time of the accident he was engaged in and carrying out a governmental function for the City of Big Spring." *Eubanks*, 304 S.W.2d at 569. The trial court disagreed, and following a

---

3. *Rains v. Simpson*, 50 Tex. 495, 501 (1878); *Commissioner of the Gen. Land Office v. Smith*, 5 Tex. 471, 479 (1849); *Carpenter v. Barner*, 797 S.W.2d 99, 101 (Tex.App.—Waco 1990, writ denied); *Miller v. State*, 53 S.W.2d 838, 840 (Tex. Civ.App.—Amarillo 1932, writ ref'd).

jury trial in which a verdict favorable to the passenger was returned, rendered judgment for the passenger. The Eastland Court affirmed, and stated:

> Although cities are not liable for the negligent acts of their police officers in the discharge of their duty, a police officer is not immune from liability for his own negligence while so engaged. Even though he is engaged in the performance of a public duty as a police officer, he is civilly.... liable for his acts of negligence which proximately result in injury to others (citation omitted).

*Id.* at 570.

The Court held that:

> The action and conduct of [the police officer] of which complaint is made and for which he is sought to be held civilly liable *does not involve matters within his discretion as an officer*, or any judicial act within official jurisdiction. (emphasis added)

*Id.* at 570.

This Court stated in *Baker v. Story*, 621 S.W.2d 639 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.):

> If the position held by the defendant public servant is classified as a mere 'ministerial' post, he is liable for his tortious conduct to the same extent as a person who holds no government position....
>
> * * * * * *
>
> The distinction between 'quasi-judicial' and 'ministerial' duties is not only a fine-spun distinction; it is, for practical purposes, unworkable. It is said that 'quasi-judicial' acts are 'discretionary' in character, requiring personal deliberation, decision and judgment, while 'ministerial' acts require only obedience to orders, or the performance of a duty as to which the actor is left no choice of his own.

*Id.* at 645.

 "Discretionary acts" of state officials and employees require personal deliberation, decision, and judgment, whereas ministerial acts require obedience to orders. Discretionary acts are those related to determining what the policy of the governmental unit will be, but do not extend to the carrying out of the specifics of particular policies or exercise of "professional" or "occupational" discretion. *Christilles v. Southwest Texas State Univ.*, 639 S.W.2d 38, 42 (Tex.App.—Austin 1982, writ ref'd n.r.e.). Policy decisions are made by the governmental agencies or units, which require governmental judgment. Therefore, a decision as to whether a bus travels a given route on a certain day, and at a specific time is discretionary and is not made by bus drivers. Ministerial functions involve carrying-out the specifics of a policy decision, such as the *driving* of a bus along a given route on a certain day, at a specific time, and in accordance with the law, and the driving rules and regulations promulgated by the policy-decision makers. The implementation actions by a bus driver in driving the bus and, therefore, carrying-out the policy decisions does not involve governmental policy or judgment, and, consequently, is susceptible to judicial examination. The only judgment left to the bus driver is traffic judgment, not governmental judgment. The act of appellant, driving a bus along a designated and authorized route which resulted in personal injuries to Robert Justin Salvatierra, of which he is sought to be held civilly liable does not involve matters within his discretion as an employee of the Transit Authority.

This Court need not decide whether a bus driver has discretion to make turns at any speed, whether he can change lanes or execute turns with safety, whether he should overtake or pass other vehicles, or any of the kinds of decisions alleged by appellant in the affidavit of Thomas Lucek. Those questions are answered by the trier of fact. The act of driving a bus is ministerial, not discretionary.

In the case at bar, appellant was not an administrative officer or official of any kind or character. He was not under any duty to make any decision other than driving the bus. He was required by his employment to perform only the duties of a bus driver. The accident in question resulted from the manner in which the bus was being driven and not from any discre-

tionary decision or election made by appellant. The record does not indicate that appellant was reacting to an emergency when the unfortunate accident occurred. Under the summary judgment evidence presented, we hold that the duties of appellant were ministerial. Therefore, he is not protected by official immunity. Both points of error are overruled.

The judgment of the trial court is affirmed.