NUMBER
13-04-168-CV

 

                                      COURT OF
APPEALS

 

                            THIRTEENTH DISTRICT
OF TEXAS

 

                              CORPUS CHRISTI -
EDINBURG

 

 

 

LOS
FRESNOS CONSOLIDATED 

INDEPENDENT SCHOOL
DISTRICT,                                                          Appellant,

 

                                                             v.

 

ENRIQUE
RIVAS, JR. AND ELSA RIVAS, INDIVIDUALLY 

AND
AS NEXT FRIENDS OF FELIX RIVAS, 

MAGDALENA RIVAS AND
VELENTIN RIVAS,                                           Appellees.

 

 

 

                               On appeal from
the 107th District Court

                                          of Cameron County, Texas.

 

 

 

                                 MEMORANDUM
OPINION

 

                                           Before
Justices Yanez, Castillo, and Garza

                                            Memorandum
Opinion by Justice Castillo

 








This
interlocutory appeal stems from a suit by Enrique Rivas, Jr. and Elsa Rivas,
Individually and as next friends of Felix Rivas, Magdalena Rivas, and Valentin
Rivas ("the Rivases") against Los Fresnos Consolidated Independent
School District (the "School District") and Raquel F. Fortuna[1]
for negligence resulting in a bus accident in which Felix, Magdalena, and
Valentin were allegedly injured.  The
School District appeals the trial court's denial of its plea to the
jurisdiction.  We affirm the judgment of
the trial court in part and reverse in part.

I.  Background

The
Rivases alleged that on or about August 27, 2001, Felix, Magdalena, and
Valentin Rivas were passengers on a school bus driven by Raquel Fortuna.  At some point, the bus rolled onto its
side.  The Rivases allege that the
children suffered serious injuries in the accident.  In their petition, the Rivases sue based on
claims of (1) negligence of both Fortuna and the School District, (2) negligent
entrustment on the part of the School District, and (4) negligent hiring and
retention, also on the part of the School District.  Additionally, the Rivases claim that the
School District is liable under respondeat superior.  The Rivases request actual and exemplary
damages.  








In their
first amended answer, the School District and Fortuna denied the Rivases'
allegations and asserted the affirmative defense of governmental immunity.  The School District and Fortuna later filed a
plea to the jurisdiction, moving the trial court to dismiss the Rivases' claims
for lack of subject matter jurisdiction. 
The plea to the jurisdiction stated that, as a governmental unit, the
School District is immune from tort liability unless the Legislature has waived
immunity.  Further, the School District
and Fortuna contended that it was the Rivases' burden to affirmatively
demonstrate (1) lack of immunity for the School District and Fortuna, and (2)
that the trial court has jurisdiction over their claims.  The plea goes on to state that the School District's
monetary liability is limited to $100,000, and that the School District and
Fortuna's insurer had already paid claimants involved in the bus accident sums
in excess of that amount.  Attached to
the plea to the jurisdiction is the affidavit of Connie Dedmon, the claims
adjuster for the insurance company utilized by the School District and
Fortuna.  Dedmon states that "To
date, Fortuna, through her insurer, has paid to claimants in excess of $100,000
for damages alleged to be caused by an alleged act or omission by Fortuna in
the course and scope of her employment with the Los Fresnos Consolidated
Independent School District, while employed as a public servant."  

The
Rivases responded to the plea to the jurisdiction, stating that subject matter
jurisdiction under the Texas Torts Claims Act had been invoked.  The response also questioned the School
District and Fortuna's argument that the School District's liability is
foreclosed since its employee's liability has allegedly been exhausted.  On March 25, 2004, the trial court denied the
School District and Fortuna's plea to the jurisdiction.  It is from that decision that the School
District now appeals.  

II.  Jurisdiction








Our initial inquiry is always whether we have
jurisdiction over an appeal.  Garcia v. Comm'rs Court of Cameron County,
101 S.W.3d 778, 779 (Tex. App.BCorpus Christi 2003, no pet.) (citing Tex. Ass'n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993)).  We are obligated to determine,
sua sponte, our own jurisdiction.  Garcia,
101 S.W.3d at 779 (citing N.Y. Underwriters Ins. Co. v. Sanchez,
799 S.W.2d 677, 678 (Tex. 1990) (per curiam)).  Jurisdiction of a court is never
presumed.  Garcia, 101 S.W.3d
at 783.  Our jurisdiction is
established exclusively by constitutional and statutory enactments.  Id. at 784; see Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp. 2004-05).  Unless one of the sources of our authority
specifically authorizes an interlocutory appeal, we only have jurisdiction over
an appeal taken from a final judgment. 
Garcia, 101 S.W.3d at 784. 
Absent an express grant of authority, we do not have jurisdiction to
review an interlocutory order.  Id.
 If the record does not affirmatively
demonstrate our jurisdiction, we must dismiss the appeal.  Id. 


The Texas Civil Practice and Remedies Code grants us
jurisdiction to hear an interlocutory appeal from an order granting or denying
a plea to the jurisdiction by a governmental unit.  See Tex.
Civ. Prac. & Rem.
Code Ann. ' 51.014(a)(8) (Vernon Supp. 2004‑05).  It is undisputed that the School District is
such a governmental unit. See id. ' 101.001(3)(B) (Vernon 2005).  Accordingly, we conclude that we have
jurisdiction to consider the issues raised on appeal.

III.  Issue on
Appeal








The School District's brief states that the ultimate
issue to be decided on appeal is whether the trial court erred in denying the
School District and Fortuna's plea to the jurisdiction.  The School District includes in this question
the following primary issues: (1) whether Fortuna lacks "personal
liability" to appellees under these circumstances by operation of Texas
Civil Practice and Remedies Code section 108.002, (2) whether the School
District may assert Fortuna's defense as a basis for its plea to the
jurisdiction, and (3) whether the School District, as Fortuna's employer, is
immune because Fortuna cannot be personally liable to appellees.  

A.  Standard
of Review








This appeal is strictly limited to our review of the
trial court's ruling on the plea to the jurisdiction.  Tex.
Civ. Prac. & Rem. Code Ann. '
51.014(a)(8) (Vernon Supp. 2004-05).  A
plea to the jurisdiction is the vehicle by which a party contests the trial
court's authority to determine the subject matter of the cause of action.  State v. Benavides, 772 S.W.2d 271,
273 (Tex. App.BCorpus Christi 1989, writ denied).  The plaintiff bears the burden of alleging
facts affirmatively demonstrating the trial court's jurisdiction to hear a
case.  Tex. Ass'n of Bus., 852
S.W.2d at 446; Mission Consol. Indep. Sch. Dist. v. Flores, 39 S.W.3d
674, 676 (Tex. App.BCorpus Christi 2001, no pet.).  A trial court must not weigh the merits of
the case, but instead must consider only the pleadings and evidence pertinent
to the jurisdictional question.  County
of Cameron v. Brown, 80 S.W.3d 549, 554-55 (Tex. 2002) (citing Tex.
Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex.
2001)).  In doing so, the trial court
must construe the plaintiff's pleadings liberally in favor of jurisdiction, Peek
v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989), and must take all
factual allegations pled as true, unless the defendant pleads and proves that
the allegations were fraudulently made in order to confer jurisdiction.  Cont. Coffee Prods. Co. v. Cazarez,
937 S.W.2d 444, 449 (Tex. 1996).  If
a plaintiff pleads facts that affirmatively demonstrate an absence of
jurisdiction and such defect is incurable, immediate dismissal of the case is
proper.  Peek, 779 S.W.2d at
804-05; City of Austin v. L.S. Ranch, 970 S.W.2d 750, 753 (Tex. App.BAustin 1998, no pet.).  However, the mere failure of a petition to
state a cause of action does not show a want of jurisdiction in the court.  Bybee v. Fireman's Fund Ins. Co., 331
S.W.2d 910, 917 (1960).  If the
plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction,
but do not affirmatively show incurable defects in jurisdiction, the proper
remedy is to allow the plaintiff an opportunity to amend before dismissing.  Brown, 80 S.W.3d at 545-55; Peek,
779 S.W.2d at 804-05.  








On appeal, because the question of subject matter
jurisdiction is a legal question, we review the trial court's ruling on a plea
to the jurisdiction under a de novo standard of review.  Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998).  To
determine whether the plaintiff has affirmatively demonstrated the court's
jurisdiction to hear the case, we consider the facts alleged by the plaintiff,
and to the extent it is relevant to the jurisdictional issue, the evidence
submitted by the parties.  White,
46 S.W.3d at 868.  Like the trial court,
we must construe the pleadings in the plaintiff's favor and look to the
pleader's intent.  Brown, 80
S.W.3d at 545-55.  Our task is not to
determine the merits of the case but rather to examine the petition, taking as
true the facts pled, and determine whether those facts support jurisdiction in
the trial court.  Baston v. City of
Port Isabel, 49 S.W.3d 425, 427-28 (Tex. App.BCorpus
Christi 2001, pet. denied).

B.  Law on
Statutory Construction








This case is based on provisions of the civil
practice and remedies code, and specifically the Texas Tort Claims Act.  Tex.
Civ. Prac. & Rem.
Code Ann. ' 101.001-.109 (Vernon 2005).  Our primary objective when construing a
statute is to ascertain and give effect to the Legislature's intent.  See McIntyre v. Ramirez, 109 S.W.3d
741, 745 (Tex. 2003); Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex.
2000).  In discerning that intent, we
begin with the plain and common meaning of the statute's words.  McIntyre, 109 S.W.3d at 745.  In construing a statute, a court may consider
the (1) object sought to be obtained; (2) circumstances under which the statute
was enacted; (3) legislative history; (4) common law or former statutory
provisions, including laws on the same or similar subjects; (5) consequences of
a particular construction; (6) administrative construction of the statute; and
(7) title (caption), preamble, and emergency provision.  Tex.
Gov't Code Ann. ' 311.023 (Vernon 1998).  We must read the statute as a whole and not
just isolated portions.  See City of
San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003).  If the statutory language is unambiguous, we
must interpret it according to its terms, giving meaning to the language
consistent with other provisions in the statute.  See McIntyre, 109 S.W.3d at 745.  Additionally, if the statutory text is
unambiguous, a court must adopt the interpretation supported by the statute's
plain language unless that interpretation would lead to absurd results.  Tex. Dep't of Protective & Regulatory
Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 177 (Tex. 2004).  We presume that the Legislature would not do
a useless act.  Webb County Appraisal
Dist. v. New Laredo Hotel, 792 S.W.2d 952, 954 (Tex. 1990).  

C.  Pleading
Sovereign Immunity

In their plea to the jurisdiction, the School
District and Fortuna argued that it is the plaintiff's burden to affirmatively
demonstrate the lack of immunity, and therefore jurisdiction over plaintiff's
claims.  The School District and Fortuna
went on to assert that "[b]ecause it is clear this Court lacks subject
matter jurisdiction over Plaintiff's claims, dismissal is clearly
appropriate."  

In reviewing the Rivases' petition, we note they
alleged the following:

 

Defendant LOS FRESNOS CONSOLIDATED INDEPENDENT
SCHOOL DISTRICT may be held to answer in a court of law for the occurrence just
described because the plaintiffs' claims involve the use of a motor vehicle,
for which immunity has been waived. 
Therefore, LOS FRESNOS C.I.S.D. may be sued. 

 

1. 
Immunity-the Law

 








"Mere reference to the Tort Claims Act does not
establish the state's consent to be sued and thus is not enough to confer
jurisdiction on the trial court."  State
Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001).  The Tort Claims Act provides a limited waiver
of sovereign immunity, allowing suits to be brought against governmental units
only in certain, narrowly defined circumstances.  Id. (citing Dallas County
Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341
(Tex. 1998) ("the Legislature intended the waiver in the Act to be
limited")). Therefore, "we must look to the terms of the Act to
determine the scope of its waiver," Kerrville State Hosp. v. Clark,
923 S.W.2d 582, 584 (Tex. 1996), and then must consider the particular facts of
the case before us to determine whether it comes within that scope.  Id.

The Texas Torts Claims Act states that a
"governmental unit in the state" is liable for personal injury or the
negligence of "an employee acting within his scope of employment" if
the personal injury arises from the "operation or use of a motor-driven
vehicle" and the employee "would be personally liable to the claimant
according to Texas law."  Tex. Civ.
Prac. & Rem. Code
Ann. ' 101.021 (Vernon 2005).  Section 101.051[2]
indicates that the waiver of immunity does not apply to a school district except
as to motor vehicles.  See Tex. Civ.
Prac. & Rem. Code
Ann. ' 101.051 (Vernon 2005) (emphasis added).  

2.  Analysis








The Rivases allege that, on the date of the
accident, the Rivas children were passengers on the school bus operated by
Fortuna.  The Rivases allege that Fortuna
operated the bus in a negligent manner, violating the duty she owed the
passengers on the bus in that she failed to exercise ordinary care in the
operation of a motor vehicle.  They also
cite the applicable section of the civil practice and remedies code that waives
statutory immunity under those circumstances. 
See Tex. Civ. Prac.
& Rem. Code Ann.
' 101.021 (Vernon 2005) (providing for liability for
injuries arising from the operation or use of a motor-driven vehicle).  The Rivases cite authority allowing a school
district to be sued after a motor vehicle accident such as this one.  See Tex.
Civ. Prac. & Rem.
Code Ann. ' 101.051 (Vernon 2005) (stating that the waiver of
immunity contained in the Texas Tort Claims Act does not apply to school
districts except as to motor vehicles). 
We conclude that the Rivases alleged facts sufficient to establish
waiver of the School District's immunity. 
See Tex. Civ. Prac.
& Rem. Code Ann.
' 101.021 (Vernon 2005).  

D.  Official
Immunity of Fortuna

Additionally, the School District asserts that
Fortuna is protected from liability 

by official immunity, is not personally liable to
the claimant, and therefore, the School District should retain its
immunity.  








A governmental employee is entitled to official
immunity (1) for the performance of discretionary duties, (2) within the scope
of the employee's authority, (3) provided the employee acts in good faith.  Univ. of Houston v. Clark, 38 S.W.3d
578, 580 (Tex. 2000) (citing City of Lancaster v. Chambers, 883 S.W.2d
650, 653 (Tex. 1994)).  Discretionary
duties are those requiring personal deliberation, decisions, and judgment.  See Chambers, 883 S.W.2d at 654.  Ministerial duties are those in which  the law prescribes and defines the duties to
be performed with such precision and certainty that nothing is left to the
discretion of the actor.  See id.


The Rivases contend that Fortuna cannot assert
official immunity, and therefore, the School District's liability is not capped
by section 108.002.  They point out that
a key element of official immunity is that the employee be performing a
discretionary duty when the cause of action arises.  See Clark, 38 S.W.3d at 580.  Driving a bus is not a discretionary
duty.  See Los Fresnos Consol. Indep.
Sch. Dist. v. Southworth, 156 S.W.3d 910, 917 (Tex. App.BCorpus Christi 2005) (citing Garza v. Salvatierra,
846 S.W.2d 17, 22-23 (Tex. App.BSan Antonio 1992, writ dism'd w.o.j.) (holding
discretion used by bus driver was traffic judgment, not governmental
judgment)).  Therefore, we conclude that
Fortuna cannot assert official immunity, and the School District cannot rely on
her official immunity in order to retain its sovereign immunity.  We conclude that the trial court did not err
in denying the School District and Fortuna's plea to the jurisdiction as to the
Rivases' claims stemming from Fortuna's alleged negligence in operating the
school bus.  

E.  Limits to
Liability








The School District further asserts that, even if
the Rivases identified the Texas Tort Claims Act as a source of waiver of
immunity, the School District's liability can be no more than Fortuna's,
because her alleged actions form the basis of the claim.  The School District argues that because the
carrier for the School District and Fortuna had already paid in excess of
$100,000 for damages to claimants since the accident, and because Fortuna's
status as a "public servant" limits her personal liability to
$100,000, the Rivases' claims against Fortuna are barred.  

1.  The Law

The Texas Tort Claims Act sets forth limits as to
the liability of units of local government and public servants.  Section 101.021 states that the governmental
unit can be liable if the employee would be personally liable to the claimant
according to Texas Law.  See Tex. Civ.
Prac. & Rem. Code
Ann. ' 101.021 (Vernon 2005).  Section 108.002 states that a public servant
is not personally liable for damages in excess of $100,000 arising from
personal injury, death or deprivation of a right, privilege, or immunity if the
damages are a result of an act or omission by the public servant in the course
and scope of the public servant's office, employment, or contractual performance
for or service on behalf of a state agency, institution, department, or local
government.  See Tex. Civ.
Prac. & Rem. Code
Ann. ' 108.002 (Vernon 2005).  Section 101.023(b) states that "except
as provided by subsection (c), liability of a unit of local government under
this chapter is limited to money damages in a maximum amount of $100,000 for
each person and $300,000 for each single occurrence for bodily injury or death
. . . ."[3]  Tex.
Civ. Prac. & Rem.
Code Ann. ' 101.023(c) (Vernon 2005).  

2.  Analysis








Section 108.002 applies in situations where an
employee may be personally liable.  See
Tex. Civ. Prac. &
Rem. Code Ann. ' 108.002 (Vernon 2005).  In this case, the Rivases do not name Fortuna
in her individual capacity.  In fact,
their last live pleading states that "[a]t all times material to this
cause of action, defendant FORTUNA was the employee, agent, servant, and/or
representative of defendant LOS FRESNOS C.I.S.D. and was acting in the course
and scope of said company." 
Therefore, the School District cannot rely on that section as a basis
for their argument.[4]  

F.  Negligent
Hiring, Retention and Entrustment








The Rivases allege that the School District
"was negligent in hiring and/or retaining FORTUNA as an employee, agent,
and/or representative, when it was apparent that Fortuna was not qualified
and/or competent for her position," and that the School District
"negligently entrusted its vehicle to FORTUNA . . . therefore [the School
District]'s allowing the vehicle in question to come into the use, custody and
control of FORTUNA constitutes negligent entrustment."  The Texas Torts Claims Act waives liability
as to personal injury proximately caused by the wrongful act or omission or the
negligence of an employee acting within his scope of employment if the personal
injury arises from the operation or use of a motor-driven vehicle, or
motor-driven equipment.  See Tex. Civ.
Prac. & Rem. Code
Ann. ' 101.021 (Vernon 2005).  (emphasis added).  Texas courts have construed that to mean the
Tort Claims Act waives sovereign immunity in the "use of publicly owned
automobiles."  County of Cameron
v. Brown, 80 S.W.3d 549, 554 (Tex. 2002) (quoting Tex. Dep't of Transp.
v . Able, 35 S.W.3d 608, 611 (Tex. 2000)). 
Negligent hiring, retention or entrustment does not constitute "use
of a publicly owned automobile." 
Nowhere have we found, nor have the Rivases directed our attention to,
any statutory waiver of immunity for negligent hiring, negligent retention, or
negligent entrustment on the part of a governmental unit.  We conclude that the Rivases have failed to
properly allege facts to demonstrate how the School District's alleged
negligent hiring, retention and entrustment could have caused the children
injury from the operation or use of a motor-driven vehicle.  Therefore, we reverse that portion of the
trial court's judgment denying the School District and Fortuna's plea to the
jurisdiction as to these claims. 

IV. 
Conclusion

We reverse and remand the portion of the judgment
denying the plea to the jurisdiction as to the Rivases' claims of negligent
hiring, retention, and entrustment.  We
affirm the portion of the judgment denying the plea to the jurisdiction as to
the remainder of the Rivases' claims, those based on the alleged actions of
Fortuna.  

 

ERRLINDA CASTILLO

Justice

 

Memorandum
Opinion delivered and filed

this
the 18th day of August, 2005.                                                











[1] While Fortuna is a party to the
underlying suit and has not been non-suited, the School District alone appeals
the denial of the plea to the jurisdiction. 






[2] Unless otherwise indicated, all
sections referred to are contained in the Texas Civil Practice and Remedies
Code. 





[3] Subsection "c" relates
to the liability for a municipality, inapplicable here.  See Tex.
Civ. Prac. & Rem.
Code Ann. ' 101.023(c) (Vernon 2005).





[4] Because we make our decision based
upon the fact that the Rivases did not sue Fortuna in her personal capacity, we
do not address the validity of the School District's argument that by reading
section 108.002 together with section 101.023, the School District could limit
its liability in the manner it asserts.