156 S.W.3d 910 (2005)
LOS FRESNOS CONSOLIDATED, INDEPENDENT SCHOOL DISTRICT, Appellant,
v.
Shelly R. SOUTHWORTH, Individually and as Next Friend of April Clark, a Minor, et al., Appellees.
No. 13-03-729-CV.
Court of Appeals of Texas, Corpus Christi-Edinburg.
February 17, 2005.
*913 Amanda Snowden, Kevin D. Jewell, Magenheim, Bateman & Helfand, William S. Helfand, Houston, for appellant.
Randall P. Crane, Law Office of Randall P. Crane, San Benito, for appellees.
Before Justices YANEZ, CASTILLO and GARZA.

OPINION
Opinion by Justice GARZA.
Appellant, Los Fresnos Consolidated Independent School District ("the School District"), brings this interlocutory appeal of the trial court's denial of its plea to the jurisdiction in a case arising from injuries sustained by April Clark and Veronica Contreras[1] when a school bus driven by Raquel Fortuna, an employee of the School District, rolled off the road. The School District complains that the trial court erred in denying its plea to the jurisdiction because its immunity from suit as a governmental entity has not been waived. We conclude the School District is not immune and affirm the trial court's order denying its plea to the jurisdiction.

INTRODUCTION
In this case, we are asked to determine the relationship between three provisions of the Texas Civil Practice and Remedies Code.[2] In four issues, the School District claims that it has not waived immunity under the Texas Tort Claims Act ("TTCA") because (1) appellees failed to plead facts sufficient to trigger the School District's waiver of immunity under section 101.021; (2) the School District is entitled to rely on the official-immunity defense available to Fortuna; (3) the School District's liability cannot exceed that of Fortuna as set by section 108.002; and (4) the School District's limitation of liability applies regardless of whether Fortuna is a party to the suit.

BACKGROUND
On August 27, 2001, April Clark and Veronica Contreras were riding as passengers in a school bus owned by the School District. According to appellees' petition, the school bus was traveling east on FM 510 when it veered off the road and rolled onto its right side in a plowed field. Appellees contend that at the time of the accident, the bus was being driven by Raquel Fortuna in the course and scope of her employment with the School District. Appellees allege Fortuna was negligent in the manner in which she operated the school bus and negligent per se in violating various provisions of the Texas Transportation Code. Appellees sued Fortuna and the School District seeking damages for the alleged physical injuries sustained by Clark and Contreras, as well as medical expenses incurred by Shelly Southworth and Isabel Gutierrez.
Fortuna was covered by liability or errors and omissions insurance provided by *914 the School District. The insurance carrier resolved nearly all the claims against Fortuna asserted by other claimants involved in the accident; however, it did not settle the claims of appellees. As of November 2003, the insurer had paid various claimants, collectively, an amount in excess of $100,000 for damages allegedly caused by Fortuna's conduct.
The School District filed a plea to the jurisdiction arguing it was immune from appellees' claims because Fortuna enjoyed immunity for any amount in excess of the statutory cap of $100,000 set by Section 108.002 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.Code Ann. § 108.002 (Vernon Supp.2004-05). Appellees responded to the School District's jurisdictional plea and simultaneously moved to non-suit Fortuna. The trial court granted the non-suit and denied the plea to the jurisdiction. Appellant then filed an interlocutory appeal with this Court. See Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2004-05).

JURISDICTION
We have jurisdiction to hear an interlocutory appeal of an order granting or denying a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon Supp.2004-05). It is undisputed that the School District is such a governmental unit. See Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(B) (Vernon Supp.2004-05). Accordingly, we conclude that we have jurisdiction to consider the issues raised on appeal by the School District.

STANDARD OF REVIEW
We review a trial court's ruling on a plea to the jurisdiction under a de novo standard of review. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998). The plaintiff bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.1993); Mission Consol. Indep. Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex.App.-Corpus Christi 2001, no pet.).

PLEA TO THE JURISDICTION

1. Sufficiency of the pleadings
A plea to the jurisdiction asserts that the factual allegations in the plaintiff's pleadings, even when taken as true, fail to invoke the court's jurisdiction. Mission Consol. Ind. Sch. Dist., 39 S.W.3d 674, 676 (Tex.App.-Corpus Christi 2001, no pet.). A trial court must construe the plaintiff's pleadings liberally in favor of jurisdiction. Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex.1989). Nevertheless, the plaintiff ultimately bears the burden of alleging sufficient facts to demonstrate that the trial court does indeed have jurisdiction to hear a case. See Tex. Ass'n of Bus., 852 S.W.2d at 446. A party may submit a plea to the jurisdiction in order to assert that it enjoys sovereign immunity from suit and therefore is not properly within the subject matter jurisdiction of the trial court. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.1999) (per curiam).
In its plea, the School District alleged that the case was not within the trial court's jurisdiction because plaintiffs failed to plead facts sufficient to invoke waiver of the School District's sovereign immunity under Section 101.021(1) of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1) (Vernon 1997). Citing Texas Ass'n of Bus., 852 S.W.2d at 446, the School District contends that "it is a plaintiff's burden to affirmatively demonstrate lack of immunity and, therefore, jurisdiction over the plaintiff's claims." The School District also argues *915 that "when a sovereign is made a party to a suit, without legislative consent, the result is clear: its plea to the jurisdiction should be granted." See State v. Lain, 162 Tex. 549, 349 S.W.2d 579, 582 (1961).
Texas courts have long recognized that sovereign immunity protects the State of Texas, its agencies, and its officials from lawsuits for damages absent a legislative consent to sue. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex.1997); Mount Pleasant Indep. Sch. Dist. v. Lindburg, 766 S.W.2d 208, 211 (Tex.1989). Legislative consent to sue must be by clear and unambiguous language, in either a statute or by other express legislative permission. See Jones, 8 S.W.3d at 638; Fed. Sign, 951 S.W.2d at 405.
Mere reference to the TTCA does not establish consent to be sued and is therefore insufficient to confer jurisdiction on the trial court. Tex. Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex.2001). The TTCA provides a limited waiver of sovereign immunity, allowing suits to be brought against governmental units only in certain narrowly defined circumstances. Id. Therefore, we must look to the terms of the TTCA to determine the scope of its waiver. Id. Then, we must consider the particular facts of the case before us to determine whether it comes within that scope. Id. Section 101.021 of the Texas Civil Practice and Remedies Code identifies three different circumstances in which the sovereign's immunity will be waived. Tex. Civ. Prac. & Rem.Code Ann. § 101.021. Subsection (1) of section 101.021, which is the applicable provision in this case, provides:
A governmental unit is liable for: property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arose from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law.
Id.
In a case brought under the TTCA, we must examine the plaintiff's pleadings to decide whether sovereign immunity has been waived. Miller, 51 S.W.3d at 587 (citing Jones, 8 S.W.3d at 639). To determine whether the plaintiff has affirmatively demonstrated the court's jurisdiction to hear the case, "we consider the facts alleged by the plaintiff, and to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." Id; Tex. Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex.2001); Tex. Ass'n of Bus., 852 S.W.2d at 446.
Appellees pleaded and proffered evidence that (1) the School District is a governmental unit as described in Texas Civil Practice and Remedies Code Section 101.001(3); (2) Fortuna was acting in the course and scope of her employment with the School District at the time of the accident; (3) the personal injuries sustained by appellees arose from Fortuna's operation or use of a motor-driven vehicle, namely, the school bus owned by the School District; (4) the resulting injuries were proximately caused by the negligence of Fortuna; and (5) Fortuna could be personally liable to appellees according to Texas law. We conclude that appellees pleaded facts sufficient to invoke the TTCA waiver of the School District's immunity under section 101.021. Tex. Civ. Prac. & Rem.Code Ann. § 101.021. Appellant's first issue is overruled.

2. Official Immunity
In its second issue, the School District claims that it is entitled to rely on *916 Fortuna's official immunity defense because the basis of its liability is respondeat superior. The School District relies on the Texas Supreme Court's interpretation of the TTCA: "In Texas, a governmental entity's limited liability is derivative of the employee's official immunity." K.D.F. v. Rex, 878 S.W.2d 589, 596-97 (Tex.1994). The School District argues that if Fortuna is protected from liability by official immunity, then she is not personally liable to appellees, and therefore, the School District retains its sovereign immunity under section 101.021(1). Tex. Civ. Prac. & Rem.Code Ann. § 101.021; see Rex, 878 S.W.2d at 596-97.
Under Texas Civil Practice and Remedies Code Section 101.021(1)(B), a governmental entity may be liable for the torts of its employee arising from the operation or use of motor-driven vehicles or equipment if, among other things, "the employee would be personally liable to the claimant under Texas law." Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1)(B). If the employee is protected from liability by official immunity, the employee is not personally liable to the claimant and the government retains its sovereign immunity. DeWitt v. Harris County, 904 S.W.2d 650, 653 (Tex.1995) (citing Rex, 878 S.W.2d at 597; City of Houston v. Kilburn, 849 S.W.2d 810, 812 (Tex.1993) (per curiam)).
Official immunity is an affirmative defense that protects governmental employees from personal liability. Kassen v. Hatley, 887 S.W.2d 4, 8 (Tex.1994); Perry v. Tex. A & I Univ., 737 S.W.2d 106, 110 (Tex.App.-Corpus Christi 1987, writ ref'd n.r.e.). The burden is on the defendant to establish all elements of the defense. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex.1994) (citing Montgomery v. Kennedy, 669 S.W.2d 309, 310-311 (Tex.1984)). Governmental employees are entitled to official immunity from suit arising from their (1) performance of a discretionary function (2) in good faith (3) within the scope of the employee's authority. Id.
In determining whether an employee is entitled to the official-immunity defense, we must clarify any disputed facts material to its elements. See Telthorster v. Tennell, 92 S.W.3d 457, 461 (Tex.2002). In the present case, it is undisputed that Fortuna was a governmental employee acting within the scope of her authority. However, the School District did not address whether Fortuna was performing a discretionary function, nor did the School District provide evidence that Fortuna's acts were performed in good faith. The first element is important because official immunity protects "discretionary" acts performed by a state employee but does not protect ministerial functions performed by an employee. Kassen, 887 S.W.2d at 9. Thus, if the position held by the public servant is classified as a mere ministerial post, he is liable for his tortious conduct to the same extent as a person who holds no government position. Garza v. Salvatierra, 846 S.W.2d 17, 22 (Tex.App.-San Antonio 1992, writ dism'd w.o.j.) (citing Baker v. Story, 621 S.W.2d 639, 645 (Tex.Civ.App.-San Antonio 1981, writ ref'd n.r.e.)). In determining whether the School District can rely on Fortuna's official immunity in order to retain its sovereign immunity, we must decide whether Fortuna's acts were discretionary or ministerial.
A function is ministerial if the law prescribes and defines the duties to be performed with such precision and certainty that nothing is left to the discretion of the actor. Chambers, 883 S.W.2d at 654. In contrast, actions requiring personal deliberation, decision, and judgment are discretionary. Kassen, 887 S.W.2d at 9. The *917 test to determine whether a governmental employee's act is discretionary focuses on whether the employee is performing a discretionary function, not whether the employee has discretion to do an allegedly wrongful act when discharging that function. Chambers, 883 S.W.2d at 653.
The act of driving a school bus has been determined to be ministerial. Garza v. Salvatierra, 846 S.W.2d 17, 22 (Tex.App.-San Antonio 1992, writ dism'd w.o.j.) (holding discretion used by bus driver was traffic judgment, not governmental judgment). We agree with the analysis of our sister court and find it to be applicable here. "Ministerial functions involve carrying out the specifics of a policy decision, such as the driving of a bus along a given route on a certain day, at a specified time, and in accordance with the law and the driving rules and regulations promulgated by the policy-decision makers." Id. "The act of driving a bus is ministerial, not discretionary." Id.
In the present case, Fortuna was not under any duty to make any decision other than driving the bus. The accident which caused appellees' injuries allegedly resulted from the manner in which the bus was being driven and not from any discretionary decision or election made by Fortuna. The School District offered no evidence to the contrary. We conclude that Fortuna's duties were ministerial; therefore, she is not protected by official immunity. See Kassen, 887 S.W.2d at 9. Because the first element of the defense of official immunity has not been met, there is no need to address the remaining element of good faith. Fortuna is not entitled to official immunity and therefore may be held personally liable to appellees under Texas law. Appellees have met all the required elements of section 101.021(1). Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1). Accordingly, the School District is not entitled to assert Fortuna's official immunity defense and does not retain its sovereign immunity under section 101.021(1). Id; see DeWitt, 904 S.W.2d at 653 (citing Rex, 878 S.W.2d at 597; Kilburn, 849 S.W.2d at 812). Appellant's second issue is overruled.

3. Statutory cap on damages
In its third issue on appeal, the School District argues that its liability cannot exceed that of Fortuna. Specifically, the School District argues that Fortuna's liability is limited to $100,000 under section 108.002 and that Fortuna is immune because her liability insurer has paid more than $100,000 to multiple claimants involved in the accident. Tex. Civ. Prac. & Rem.Code Ann. § 108.002. In essence, the School District is arguing that section 108.002 repeals or reduces the limits set in section 101.023. Id.; Tex. Civ. Prac. & Rem.Code Ann. § 101.023 (Vernon Supp.2004-05). Section 108.002 limits the liability of public servants and provides that:
a public servant is not personally liable for damages in excess of $100,000 arising from personal injury, death, or deprivation of a right, privilege, or immunity if: (1) the damages are the result of an act or omission by the public servant in the course and scope of the public servant's office, employment, or contractual performance for or service on behalf of a state agency, institution, department, or local government; and (2) for the amount not in excess of $100,000, the public servant is covered: ... (C) by liability or errors and omissions insurance...
TEX. CIV. PRAC. & REM.CODE ANN. § 108.002.
The School District argues that since its liability, is vicarious and derivative in nature it cannot be liable for more than Fortuna, which makes it immune. The School District relies on Kilburn for its *918 argument that because Fortuna is immune from liability for any amount over $100,000, it too is immune. However, Kilburn does not stand for the proposition that an employee who is not otherwise entitled to official immunity may nonetheless assert it once the statutory cap in section 108.002 has been exhausted; instead, it states that if an employee is protected from liability under the doctrine of official immunity, then the governmental entity's sovereign immunity remains intact "based on" the employee's assertion of official immunity. Kilburn, 849 S.W.2d at 812. Any personal immunity that Fortuna may enjoy is by application of section 108.002, but such immunity does not equate to official immunity. Tex. Civ. Prac. & Rem.Code Ann. § 108.002. Therefore, the School District's application of Kilburn to the present case is misplaced because we have already determined that Fortuna is not entitled to official immunity.
The appropriate cap on damages for a unit of local government is set forth in chapter 101 of the Texas Civil Practice and Remedies Code. Section 101.025 provides: "(a) Sovereign immunity to suit is waived and abolished to the extent of liability created by this chapter. (b) A person having a claim under this chapter may sue a governmental unit for damages allowed by this chapter." Tex. Civ. Prac. & Rem.Code Ann. § 101.025 (Vernon 1997). Section 101.023(b) specifies that the liability of a unit of local government is limited to "money damages in a maximum amount of $100,000 for each person and $300,000 for each single occurrence for bodily injury or death and $100,000 for each single occurrence for injury to or destruction of property." Tex. Civ. Prac. & Rem.Code Ann. § 101.023. When a plaintiff suffers an injury that falls within the TTCA, the legislature has agreed to hold the government liable up to a specified dollar amount. Edinburg Hosp. Auth. v. Trevino, 941 S.W.2d 76, 81-82 (Tex.1997). Chapter 101 does not mention or cross-reference section 108.002 as imposing any limitation or as calling for a reduction of the maximum amount of liability imposed under section 101.023. Tex. Civ. Prac. & Rem.Code Ann. § 101.023.
While not directly on point, similar arguments have arisen in cases where damages exceeding the statutory maximum have been awarded and a governmental unit argues that it is entitled to offset its maximum liability by the amount of settlement with the employee. In such cases, courts have reduced the amount of any settlement with the employee from the total damages rather than from the governmental unit's liability. See Trevino, 941 S.W.2d at 82; City of Houston v. Aber, 770 S.W.2d 89, 90 (Tex.App.-Houston [14th Dist.] 1989, no writ).
In Trevino, the court held that a plaintiff's settlement with a defendant does not affect the degree of waiver of sovereign immunity that the legislature has prescribed. Trevino, 941 S.W.2d at 81-82. Although the dollar amount of a settlement must be reduced from the verdict under the "one satisfaction" rule, the settlement does not affect the maximum dollar amount to which the government has agreed to waive its immunity. Id at 82.
In Aber, the court decided whether a $100,000 settlement with a city employee operated to extinguish the city's liability as was argued by the city. See Aber, 770 S.W.2d at 89. Both parties agreed that the TTCA applied to limit the liability of the city to $100,000; however, the city contended that the judgment should be reduced to the maximum liability under the TTCA and the settlement subtracted from the $100,000 limit, thereby negating any liability of the city. Id. The appellee *919 contended that the TTCA should be liberally construed in favor of the claimant so that the court correctly credited the settlement to the entire judgment against the city. Id. The court agreed with the appellee and held that the settlement with the city employee was not in full settlement of appellee's claim against the city. Id. The court further stated that "a plaintiff may always settle with the employee without losing his action against the employer under respondeat superior." Id.
In light of the above cases, we would be hard pressed to find merit in appellant's argument that payments made by Fortuna's liability insurance carrier to other plaintiffs[3] should be offset against the $100,000 limit provided in section 101.023. Tex. Civ. Prac. & Rem.Code Ann. § 101.023. Section 101.023 further provides for a maximum limit of $300,000 for each single occurrence. See id. Because the latter has not been exhausted, the School District may be held liable to appellees up to the amounts provided for in this section. Appellant's third issue is overruled.

4. Fortuna as a party
In its final issue, the School District argues that it retains its sovereign immunity because it is entitled to rely on the immunity and limitation provided for in section 108.002 regardless of whether Fortuna is a party to the proceeding. Tex. Civ. Prac. & Rem.Code Ann. § 108.002.
Given our disposition of appellant's third issue, we need not address appellant's fourth issue. We have already determined that section 101.023(b) determines the School District's liability whether or not Fortuna is a party to the suit. Tex. Civ. Prac. & Rem.Code Ann. § 101.023(b). Appellant's fourth issue is overruled.

CONCLUSION
We affirm the trial court's order denying appellant School District's plea to the jurisdiction.
NOTES
[1] The suit is brought by appellees, Shelly Southworth, individually and as next friend of April Clark, a minor, and Isabel Gutierrez, individually and as legal guardian of Veronica Contreras, a minor.
[2] These provisions are sections 101.021, 101.023, and 108.002. Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021 (Vernon 1997), 101.023, 108.002 (Vernon Supp.2004-05).
[3] Fortuna's liability insurance carrier made payments to other injured parties, but it is not clear whether any payments were made to appellees. In any event, the School District has not exhausted the maximum statutory cap in section 101.023. TEX. CIV. PRAC. & REM.CODE ANN. § 101.023.