NUMBER 13-05-416-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JUDY UPTON-ALLEN AND REYNALDO MATA, Appellants,


v.
 


GREGORY-PORTLAND INDEPENDENT SCHOOL

DISTRICT AND ALVARO ORTIZ, Appellees.

 


On appeal from the 343rd District Court 


of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Rodriguez



 This is an appeal of the granting of a summary judgment in favor of appellee,
Alvaro Ortiz, on the basis of official immunity. By three issues, appellants, Judy
Upton-Allen and Reynaldo Mata, contend the trial court erred in granting summary
judgment in favor of Ortiz, and because there is no official immunity, we should
reconsider our earlier opinion in an interlocutory appeal where we rendered judgment
in favor of appellee, the Gregory-Portland Independent School District (GPISD). We
reverse the trial court's judgment granting Ortiz's motion for summary judgment,
affirm the trial court's judgment denying GPISD's motion for summary judgment, and
remand for proceedings consistent with this opinion.

I. Background


 Turning onto a median, Ortiz made a u-turn and pulled the school bus he was
driving across the highway. Ortiz stopped the bus on the shoulder of the highway to
upload school children. He opened the door and turned on the red lights. As Ortiz
was uploading children, a car driven by Upton-Allen collided with a truck driven by
Mata as they attempted to stop for the red lights. Upton-Allen sued Ortiz and his
employer, GPISD, claiming Ortiz had operated the school bus in a negligent manner
and that GPISD was vicariously liable. Mata intervened.

 Ortiz filed motions for summary judgment based on official immunity, and the
trial court granted the motions. GPISD filed a motion for summary judgment asserting
it could not be held liable for the actions of an employee who is immune from liability,
and the trial court denied the motion. GPISD filed an interlocutory appeal, and this
Court, finding GPISD immune from liability as a matter of law based on the official
immunity of its employee, reversed and rendered judgment for GPISD. See Gregory-Portland Indep. Sch. Dist. v. Upton-Allen and Mata, No. 13-04-191-CV, 2005 Tex.
App. LEXIS 1343, *4-*5 (Tex. App.-Corpus Christi Feb. 7, 2005, no pet.) (mem. op.). 
This case is now before us on regular appeal.

II. Standard of Review


 An appellate court reviews the grant or denial of a traditional motion for
summary judgment de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699
(Tex. 1994); Tex. Commerce Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726
(Tex. App.-Corpus Christi 2000, pet. denied). To prevail, the movant has the burden
of showing that there is no genuine issue of material fact, and thus the movant is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v.
Perez, 819 S.W.2d 470, 471 (Tex. 1991).

 Summary judgment is proper if the defendant disproves at least one element of
each of the plaintiff's claims or, alternately, conclusively establishes each element of
an affirmative defense to each claim. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d
529, 540 (Tex. 1997) (per curiam); Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997). Evidence is conclusive only if reasonable persons could not differ
in their conclusions. City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005). In
deciding whether there is a genuine issue of material fact, evidence favorable to the
non-movant will be taken as true, and all reasonable inferences and doubts shall be
resolved in the non-movant's favor. Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001).

III. Ortiz's Motion for Summary Judgment


A. Evidence Supporting Ortiz's Motion for Summary Judgment (1)


 In his affidavit, Ortiz stated, in relevant part, that on the date of the accident he
was employed with the GPISD as a school bus driver. When the accident occurred he
was in the process of picking up children to transport them to various schools. 
According to Ortiz, he activated his yellow lights as he sat in the median before
making the U-turn onto the highway, drove the bus across the highway to the shoulder
and stopped it there. After stopping and waiting for the children, Ortiz noticed a gray
pick-up stopped behind his bus. He also noticed a blue pick-up truck behind the gray
pick-up. About thirty seconds later, Ortiz saw Upton-Allen rear end the blue pick-up. 
Ortiz closed his affidavit with the following paragraph:

 I operated the school bus at my discretion. I alone decide
the speed of my school bus, control the maneuvers of the
school bus, decide where to stop the school bus, decide
when to stop the school bus, and decide when to activate
the yellow lights. . . . I was not moving when the accident
occurred. I had been stopped for approximately two
minutes before the plaintiff rear ended the truck.

B. Discretionary Function


 By their first issue, appellants contend the trial court erred when it granted
Ortiz's motion for summary judgment because the evidence failed to prove as a matter
of law that Ortiz was entitled to official immunity. Specifically, by their second issue,
appellants contend the trial court erred in granting summary judgment in favor of Ortiz
because he did not prove as a matter of law that he was engaged in discretionary
duties when the event in question occurred, and, therefore, he cannot claim official
immunity. (2) We agree.

 Under Texas law, a defendant seeking summary judgment on the basis of the
affirmative defense of official immunity must prove, without dispute and as a matter
of law, that when the event in question occurred, he was (1) performing a
discretionary function, (2) acting in good faith, and (3) acting within the scope of his
authority. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). Ortiz
must establish all elements of his defense of official immunity. See id.

 

 Discretionary duties are those requiring personal deliberation, decisions, and
judgment. See id. at 654. Ministerial duties are those in which the law prescribes and
defines the duties to be performed with such precision and certainty that nothing is left
to the discretion of the actor. See id. In attempting to differentiate between the two
terms, the supreme court has noted that: "If an action involves personal deliberation,
decision and judgment, it is discretionary; actions which require obedience to orders
or the performance of a duty to which the actor has no choice, are ministerial." City
of Lancaster, 883 S.W.2d at 654.

 Ortiz stated that he operated the school bus at his discretion-that he controlled
the maneuvers of the school bus and decided the speed of his bus, where and when
to stop the school bus, and when to activate the yellow lights. In Los Fresnos Consol.
Indep. Sch. Dist. v. Southworth, 156 S.W.3d 910, 917 (Tex. App.-Corpus Christi
2006, no pet.), we concluded that driving a bus is a ministerial function, not a
discretionary one. (3) See id. Resolving all reasonable inferences and doubts in favor of
the non-movants, Upton-Allen and Mata, see Shah, 76 S.W.3d at 842, it could be
inferred that the facts supporting Ortiz's operation of the bus involved the manner in
which the bus was being driven in accordance with the law and the driving rules and
regulations promulgated by the policy-decision makers. The supporting acts could be
ministerial, not discretionary. See Southworth, 156 S.W.3d at 917.

 Based on the evidence filed in support of Ortiz's motion, we cannot conclude
that reasonable persons could not differ in this conclusion. See Keller, 168 S.W.3d
at 816. Thus, Ortiz did not establish, as a matter of law, that he was performing a
discretionary function at the relevant time. Additionally, there is neither evidence to
establish as a matter of law that stopping for the children, turning on the red lights,
and waiting to upload the children were discretionary functions nor evidence of school
rules and policies, or the absence thereof, regarding the loading of children onto the
school bus.

 Based on our de novo review of the summary judgment evidence filed in support
of his motion, we conclude Ortiz did not meet his summary judgment burden of
conclusively establishing that his act of uploading the students was a discretionary
function-a necessary element of his affirmative defense. Therefore, Ortiz is not
entitled to official immunity. The court erred in granting his motion for summary
judgment on that basis. We sustain issues one and two. Because this determination
is dispositive of this appeal as to Ortiz, we decline to address appellants' remaining
contentions regarding the good faith element of official immunity. See Tex. R. App. P.
47.1.


IV. GPISD's Motion for Summary Judgment


 In light of our conclusion that the trial court erred in granting summary judgment
in favor of Ortiz on the basis of official immunity, we must, as appellants urge in their
third issue, reconsider our decision in Upton-Allen, No. 13-04-191-CV, 2005 Tex. App.
LEXIS 1343 at *4-*5. "The decision of whether a prior decision in the same case will
be reopened is a matter within the discretion of the appellate court." Brown Forman
Corp. v. Brune, 893 S.W.2d 640, 648 (Tex. App.-Corpus Christi 1994, writ denied)
(citing Med Ctr. Bank v. Fleetwood, 854 S.W.2d 278, 283 n.6 (Tex. App.-Austin
1993, writ denied)). "An appellate court may consider all issues properly before it,
and make such rulings as it deems proper under the record in the case, irrespective of
a prior opinion. " Id.

 In the earlier interlocutory appeal, we reversed and rendered judgment that
GPISD was immune from liability as a matter of law because the trial court had
concluded Ortiz had official immunity. Upton-Allen, No. 13-04-191-CV, 2005 Tex.
App. LEXIS 1343 at *4-*5. Now, however, having reviewed the summary judgment
evidence in the present appeal and having concluded that Ortiz has not proven official
immunity as a matter of law, the premise upon which we rendered judgment in favor
of GPISD no longer exists, and the law as stated in the interlocutory summary
judgment appeal does not necessarily control the case on appeal from the final
judgment. While the law has not changed, the circumstances have altered the
question of law presented. Under these circumstances, we decline to apply the law
of the case to this appeal, see Brune, 893 S.W.2d at 648, and conclude, because Ortiz
did not establish his official immunity, the trial court did not err in denying GPISD's
motion for summary judgment. We sustain appellants' third issue.

V. Conclusion


 Accordingly, in this appeal from the final judgment, we reverse the trial court's
judgment as to Ortiz, and because we have determined that Ortiz has not established
official immunity, we now affirm the trial court's judgment as to GPISD. This case is
remanded to the trial court for proceedings consistent with this opinion.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 28th day of June, 2007.
1. Ortiz supported his motion with his two-page affidavit. Appellants contend that the affidavit
contained unsubstantiated factual and legal conclusions that will not support summary judgment. See
Brown v. Brown, 145 S.W.3d 745, 751 (Tex. App.-Dallas 2004, pet. denied) (providing that an
affidavit that is conclusory is substantively defective, and such objections may be raised for the first
time on appeal). Appellants specifically challenge, as conclusory, the following statements in Ortiz's
affidavit:


 1. I believe my conduct was lawful in stopping the school bus on the shoulder of
US 181 to pick up school children and transport them to school; and


 2. My school bus was not involved in the accident.


Even were we to agree that the above statements are conclusory because Ortiz does not support them
with underlying facts, see Rizkallah v. Conner, 952 S.W.2d 580, 587 (Tex. App.-Houston [1st Dist.]
1997, no writ), we need reach that result because these complained-of portions of the affidavit are not
relevant to the determination of this appeal. See Tex. R. App. P. 47.1.
2. Appellants concede, for the purposes of this appeal, that Ortiz was acting within the scope of
his authority when, as a school bus driver, he was picking up children along a chosen route each school
day and delivering them to school, as an employee of the school district. Accordingly, we need not
address the third element of official immunity-whether Ortiz was acting within the scope of his
authority. See City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994).
3. "Ministerial functions involve carrying out the specifics of a policy decision, such as the driving
of a bus along a given route on a certain day, at a specified time, and in accordance with the law and
the driving rules and regulations promulgated by the policy-decision makers." Los Fresnos Consol.
Indep. Sch. Dist. v. Southworth, 156 S.W.3d 910, 917 (Tex. App.-Corpus Christi 2006, no pet.)
(quoting Garza v. Salvatierra, 846 S.W.2d 17, 22 (Tex. App.-San Antonio 1992, writ dism'd w.o.j.).