

# NUMBER 13-23-00060-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CITY OF MCALLEN,                                                    Appellant,

v.

ELYDA LORETTE DIAZ,                                                  Appellee.

On appeal from the 206th District Court
of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant the City of McAllen appeals the trial court's order denying its plea to the

jurisdiction in favor of appellee Elyda Lorette Diaz.[1] By its sole issue, the City argues that

the trial court erred in denying its plea to the jurisdiction because Diaz failed to plead that

---

[1] In the order denying the City's plea to the jurisdiction, appellee's name is spelled "Elyda Lorrett Diaz," but her name is spelled "Lorette" throughout the rest of the proceedings.

the City's alleged negligent operation of a motor-driven vehicle was the proximate cause of her injuries and therefore the City retains immunity from suit. We reverse and remand.

## I.  BACKGROUND

On May 19, 2020, Diaz filed suit against the City asserting a claim for negligence under § 101.021 of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A) (waiving sovereign immunity for a claim against a governmental unit which "arises from the operation or use of a motor-driven vehicle"). Diaz alleged that she was injured inside a patrol unit "with police owned objects." Diaz claimed she suffered serious bodily injury, including a brain injury, due to the City's "negligent transportation she received while being handcuffed inside" a patrol unit.

On November 28, 2022, the City filed a plea to the jurisdiction. According to the City, "a bystander called 911 to report that" Diaz's "then boyfriend . . . was captured on video physically attacking" Diaz. When a police officer responded to the 911 call, police "discovered [Diaz] and her boyfriend" were "involved in a minor car accident, and that [Diaz] was in a highly intoxicated state." The City asserted that Diaz was booked into the City's jail but was transferred to the hospital upon her request. The City further argued that Diaz "had not plead[ed] nor offered any facts to indicate there was negligent operation of a motor-driven vehicle." Upon her release from the hospital, Diaz was charged with "public intoxication, plead[ed] no contest, and was convicted."

Diaz responded by stating that her injuries arose from the "use" of a patrol car while she was being transported by police. Diaz does not state in her petition how she

2

sustained the injuries from the use of the patrol car, i.e., she does not allege that the patrol car crashed or how the car caused her injury while being transported in it.

On February 2, 2023, the trial court denied the City's plea to the jurisdiction. This interlocutory appeal followed. *See id.* § 51.014(a)(8).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A unit of state government, such as the City, is immune from suit unless the state consents. *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). "Governmental immunity defeats a court's jurisdiction," so "the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity." *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 927 (Tex. 2015) (internal citations omitted). A plea to the jurisdiction challenges the trial court's subject matter jurisdiction over a pleaded cause of action and may challenge either the sufficiency of jurisdictional allegations in the pleadings or the existence of jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When, as in this case, a plea to the jurisdiction challenges the sufficiency of the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Ryder*, 453 S.W.3d at 927; *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Ryder*, 453 S.W.3d at 927. We review de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 228.

The TTCA provides a limited waiver of immunity. *See Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014). As pertinent here, the TTCA provides that a governmental

3

unit waives immunity and is liable for personal injury caused by the negligence of an employee acting within the scope of employment if personal injury arises from the operation or use of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A). Thus, the issue before us is whether Diaz has alleged harm arising from the operation or use of the officer's patrol unit such that immunity may be waived under § 101.021(1)(A). The "arising from" standard in the context of the TTCA only reaches injuries "proximately caused by the wrongful act or omission or the negligence of the employee." *Ryder*, 453 S.W.3d at 929; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A). "Arises from" is defined as a "nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries." *Ryder,* 453 S.W.3d at 929. "To satisfy § 101.021(1)(A)'s nexus requirement, . . . plaintiffs must show that the governmental employee's use or operation of the vehicle or equipment proximately caused the relevant injury." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 874 (Tex. 2023).

Diaz was required to address each element of negligence in her pleading, including proximate cause. *Ryder*, 453 S.W.3d at 927–928. Proximate cause has two elements: cause in fact and foreseeability. *Rattray*, 662 S.W.3d at 874. *Id.* at 929. "Cause in fact is essentially but-for causation." *Ryder*, 453 S.W.3d at 929. In other words, a tortious act is a cause in fact if serves as "a substantial factor in causing the injury and without which the injury would not have occurred." *Id.* Foreseeability requires only "that the injury be of such a general character as might reasonably have been anticipated; and that the injured party should be so situated with relation to the wrongful act that injury to him or to one

4

similarly situated might reasonably have been foreseen." *Id.* (internal citations omitted). We construe Diaz's pleading liberally to determine whether Diaz pleaded an injury arising from the City's operation or use of a motor vehicle. *See id.* at 927.

### III. DISCUSSION

By its sole issue, the City argues that Diaz failed to plead that the City's alleged negligent operation or use of a motor-driven vehicle was the proximate cause of her injuries; therefore, Diaz did not allege a valid waiver of immunity under the TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A); *Ryder*, 453 S.W.3d at 927. In *Ryder*, the supreme court reviewed a pleading sufficiency challenge to determine whether the plaintiff pleaded a waiver of immunity for damages arising out of the use of a motor vehicle under the TTCA, and in *La Joya Independent School District v. Gonzalez* and *Harlingen Consolidated Independent School District v. Miranda*, this court did the same. *See Ryder*, 453 S.W.3d at 927; *La Joya Indep. Sch. Dist. v. Gonzalez*, 532 S.W.3d 892, 903 (Tex. App.—Corpus Christi–Edinburg 2017, pet. denied); *Harlingen Consol. Indep. Sch. Dist. v. Miranda*, No. 13-18-00391-CV, 2019 WL 1187151, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 14, 2019, no pet.). Because Diaz was required to provide allegations supporting that the City waived immunity, we must analyze the facts in this case for components of proximate cause: cause in fact and foreseeability. *Rattray*, 662 S.W.3d at 874; *Ryder*, 453 S.W.3d at 927.

### A. Facts in *Ryder*

In *Ryder*, the plaintiff alleged that he had been injured after being involved in a collision caused by the City. 453 S.W.3d at 926. The City responded that it had immunity

5

because the petition failed to allege the accident arose from the use of the vehicle. *Id.* In his petition, the plaintiff had made the following allegations:

(1)     the county was operating a county vehicle at the time of the alleged injury;

(2)     the county vehicle was approaching eastbound traffic as two trucks collided;

(3)     the county officer was in the process of "relocating" the county vehicle;

(4)     the county breached a legal duty when it failed to follow proper protocols and procedures in moving its county vehicle;

(5)     the county officer blinded and distracted another driver;

(6)     the county officer caused a driver to strike an 18-wheeler;

(7)     by directing the county vehicle's lights toward eastbound traffic, the county officer caused erratic driving;

(8)     the subsequent collision—and any associated harm from the collision— would not have occurred absent the county officer's decision to drive his car toward oncoming traffic;

(9)     "a reasonable peace officer could have foreseen that driving westbound near an eastbound shoulder at night—with headlights and emergency lights illuminated—might confuse drivers, disrupt traffic, and lead to a collision much like the one that ultimately occurred"; and

(10)    the alleged harm is of the very character that might reasonably have been anticipated.

*Id.* at 927–931. The supreme court analyzed each of these facts to determine whether the plaintiff "has alleged an injury arising from the use of a vehicle" for the purposes of the TTCA. *Id.* at 931. It concluded that the allegations were sufficient. *Id.*

**B.     Facts in *La Joya***

In *La Joya*, the plaintiff pleaded the following facts:

6

(1)    the bus driver turned the bus into a crossover between the expressway's main lanes;

(2)    when the bus driver saw the decedent approaching the bus on foot, the bus driver stopped the bus and activated its flashing warning lights;

(3)    the flashing lights signaled to the decedent that it was safe to cross the expressway;

(4)    as the decedent crossed the expressway, he was struck by another vehicle;

(5)    the decedent died at the scene;

(6)    the bus driver acted negligently by failing to follow protocols and procedures for the safe loading of students;

(7)    the bus driver created a "non-designated stop" by activating the flashing lights;

(8)    the decedent's death was proximately caused by the bus driver's wrongful acts and omissions;

(9)    the district was vicariously liable.

532 S.W.3d at 896. The defendant city in that case argued that the plaintiff had not pleaded sufficient facts that the accident arose out of the operation of the district's vehicle. *Id.* at 902. This Court stated that these "facts pleaded by [the plaintiff] taken as true, establish cause-in-fact." *Id.* at 903.[2]

---

[2] We note that in *Miranda*, the supreme court analyzed jurisdiction based solely on the plaintiff's pleadings: (1) the plaintiffs asked the department for a recommendation for a safe camping ground; (2) at the campsite the plaintiff was struck by a falling tree branch that severely injured her; (3) the unpruned, uninspected tree branches created a dangerous, defective condition on the premises that the department was aware of; (4) the department knew of the dangers of falling tree branches but failed to inspect, prune, alleviate the dangers or otherwise make the conditions safe; (5) the department consciously and deliberately failed to warn the plaintiffs of the extremely dangerous condition; and (6) the department's conduct was willful, wanton, or grossly negligent. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004). Based on those facts, the supreme court concluded "the Mirandas alleged sufficient facts to survive a plea to the jurisdiction based solely on the pleadings." *Id.*

7

## C.  *Harlingen*'s Facts

In *Harlingen*, we reviewed the pleadings for cause in fact and foreseeability requirements. The plaintiff pleaded the following facts:

(1)  the plaintiff, who was located in the rear of the bus, "fell, or was pushed, out of the emergency exit door" while the bus was travelling sixty-five miles per hour;

(2)  "although having the responsibility for the operation and use of Bus # 118, [the bus driver] exceeded the posted speed limit of Bus # 118 on the day of [plaintiff's] Fall";

(3)  "although having the responsibility for the operation and use of Bus # 118, [the bus driver] exceeded the proper speed limit of Bus # 118 when taking into consideration the condition of the roadway traveled on the day of [plaintiff's] Fall";

(4)  "Immediately prior to [plaintiff's] Fall, Bus # 118 was seen bouncing up and down as though [it] had run over something or was traveling over uneven pavement, with such bouncing being attributable to the excessive rate of speed and the road conditions";

(5)  there were "marks" on the emergency exit door "that could be consistent with damage to the interior side of the [door] . . . which could be attributed to the described bouncing of [the bus]";

(6)  although having the responsibility for the operation and use of Bus # 118, [the bus driver] failed to prevent Bus # 188 from bouncing up and down, thereby allowing someone, or something, to be thrown against the [emergency exit door] resulting in [plaintiff's] Fall";

(7)  witnesses described the plaintiff falling, as opposed to jumping, from the bus;

(8)  the bus driver allowed students to stand on the bus, allowed two monitors to sit in the front of the bus, failed to slow the bus down after the emergency door indicated it opened, and operated the bus at an unsafe speed.

*Harlingen*, 2019 WL 1187151, at *1. The District argued that "the pleadings do not demonstrate" that the plaintiff's death "arose from the use or operation of the [the District's

vehicle]" or "show a nexus between the use or operation" and the plaintiff's death. *Id.* at *3. We held "the foregoing allegations identify affirmative actions or omissions of the bus driver in operating the school bus." *Id.* at *4. We further held that the allegations were sufficient to establish the proximate cause elements of cause-in-fact and foreseeability. *Id.* at *5.

**D.     Diaz's Facts**

Diaz pleaded the following facts: (1) "Diaz was injured while she was being transported to the police station in a police car"; (2) "while the police was using the car to transport her, she was injured with police owned objects"; (3) "she suffered serious bodily injuries, including a brain injury, as a result of the negligent transportation she received while being handcuffed inside" the City's car; and (4) the officer who had custody of Diaz "negligently operated the car & its security instrumentalities and injured" her.

**E.     Analysis**

**1.     Cause in Fact**

Comparing the facts in *Ryder*, *La Joya,* and *Harlingen* to the allegations herein, Diaz's pleading falls short. "[T]he statute 'requires a nexus between the injury negligently caused by a governmental employee and the operation or use of a motor-driven vehicle.'" *PHI, Inc. v. Tex. Juv. Just. Dep't*, 593 S.W.3d 296, 302 (Tex. 2019) (citing *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992)). From Diaz's sparse allegations, it is entirely unclear what Diaz alleges is the causal nexus between her alleged injuries and the officer's operation of the vehicle. *See id.* In *Ryder*, the plaintiff alleged that the officer directed patrol headlights towards eastbound traffic, caused erratic

9

driving, caused a collision, and absent his conduct, no injuries would have occurred. 453 S.W.3d at 929. The plaintiff pleaded: "the collision—and any associated harm—would not have occurred absent [the officer's] decision to drive his car toward oncoming traffic." From these facts, the supreme court concluded that a reasonable juror might find the requisite nexus between the use of the county vehicle and the injuries suffered. *Id.*

In this case, Diaz alleges the City "negligently operated the car" and "negligently transported her," but there are no facts supporting "the requisite nexus between the use of" the City vehicle and the injuries Diaz allegedly suffered. *See Harlingen*, 2019 WL 1187151, at *4. While an allegation of "negligent transportation" may suffice outside of the TTCA realm, in the context of the TTCA, where the plaintiff must demonstrate *proximate cause* to overcome governmental immunity, a bare allegation of being "negligently transported," will not suffice to support waiver of immunity. In this regard, a plaintiff may not overcome the TTCA's limited waiver of immunity with a general assertion of negligence and therefore meet the nexus requirement. Here, Diaz did not allege any facts regarding the City's conduct, that if taken as true, would satisfy the cause in fact requirement of proximate cause.

In *Harlingen*, the plaintiff pleaded: "had the District bus driver not driven at an unsafe speed over poor road conditions, [the decedent] would not have been thrown against the emergency exit door in such a manner to cause him to fall to the roadway." We held such pleadings established cause in fact. 2019 WL 1187151, at *5. Thus, merely accusing the City of negligence is not a substitute for the required facts necessary to find the requisite nexus between the use of the vehicle and the injuries suffered. *See id.* From

10

her pleadings, it is unclear whether absent the officer's negligent operation of the patrol unit, any and all associated injuries would not have occurred. *See id.*

Diaz attempts to overcome her omission of facts by asserting: "As a direct and proximate result of [the City's] conduct," she "experienced severe trauma, personal bodily injuries, physical pain, head injuries[,] and mental anguish," "suffered physical impairment . . . for a long time into the future, if not for the balance of her natural life." However, mere reference to the TTCA by incorporating the words "proximate cause" "does not establish consent to be sued and is therefore insufficient to confer jurisdiction on the trial court." *See Los Fresnos Consol. Indep. Sch. Dist. v. Southworth*, 156 S.W.3d 910, 915 (Tex. App.—Corpus Christi–Edinburg 2005, pet. denied).

In *La Joya*, the plaintiff pleaded that the decedent's death was "proximately caused" by the bus driver's wrong acts and omissions, but we did not end our analysis there. 532 S.W.3d at 896. Instead, we analyzed the facts in the plaintiff's pleadings to determine whether the plaintiff alleged facts establishing that the government employee's acts were the cause in fact of the injuries sustained and whether those injuries were foreseeable. *Id.* at 903. Specifically, we found the following allegation relevant to establish cause in fact: "Uranga would not have attempted to cross the expressway to board the bus, and would not have been struck by Venecia's vehicle, if Rodriguez had not stopped the bus in the middle of the crossover lane and activated the bus's warning lights." *Id.*

Likewise, in *Ryder*, the supreme court did not end its analysis when the plaintiff alleged the county officer was "negligent"; the court analyzed the factual allegations for the components of proximate cause—cause in fact and foreseeability. 453 S.W.3d at 929.

11

Diaz's general allegation that she suffered an injury "[a]s a direct and proximate result of [the City's] conduct"—without more—does not establish "but-for causation" regarding the causal relationship between the City's operation of the vehicle and her alleged injuries. *See id.*; *La Joya*, 532 S.W.3d at 903 ("This nexus requires more than mere involvement of the property; rather, the vehicle's use must have actually caused the injury."); *see also City of Weslaco v. Trejo*, No. 13-18-00024-CV, 2018 WL 3062575, at \*3 (Tex. App.— Corpus Christi–Edinburg June 21, 2018, no pet.) ("This causal nexus is not satisfied by the mere involvement of vehicles."). Because proximate cause is not shown by merely uttering the words "proximate cause," we cannot conclude that Diaz "has alleged an injury arising from the use of a vehicle" based on her assertion that the City was negligent. *See Ryder*, 453 S.W.3d at 929, *Miranda*, 133 S.W.3d at 230; La Joya, 532 S.W.3d at 903; *see also County of Hidalgo v. Perez*, No. 13-22-00312-CV, 2023 WL 2807216, at \*5 (Tex. App.—Corpus Christi–Edinburg Apr. 6, 2023, no pet.) (mem. op.) ("[A]ppellees have satisfied the cause in fact prong by alleging that Garcia's failure to secure his load resulted in debris flying from the trailer of his vehicle, which in turn caused appellees, who were traveling behind Garcia's vehicle at the time of the incident, to suffer property damage and personal injuries."); *Salinas v. City of Brownsville*, No. 13-08-00146-CV, 2010 WL 672885, at \*4 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2010, no pet.) (mem. op.) (holding that although the plaintiff pleaded that the city's use of equipment was the proximate cause of her injuries, the plaintiff's pleadings did not satisfy the cause in fact requirement of proximate cause).

Without additional facts criticizing the City's conduct like those pleaded in *Ryder*, *La Joya*, and *Harlingen*, it is entirely unclear how the City's use of the vehicle caused Diaz to experience "severe trauma, personal bodily injuries, physical pain, head injuries[,] and mental anguish." *See Ryder*, 453 S.W.3d at 929; *La Joya*, 532 S.W.3d at 903. To be sufficient, Diaz's pleadings must have alleged facts that established a "nexus between the operation or use of the motor-driven vehicle" and her injuries. *See Ryder*, 453 S.W.3d at 929; *La Joya*, 532 S.W.3d at 903; *see also PHI*, 593 S.W.3d at 302 (providing that the vehicle's "use must have actually caused the injury"). We conclude she failed to do so.

### 2. Foreseeability

In *Ryder*, although the plaintiff stated that the city was negligent and the city's use of its vehicle was the cause in fact of the collision, the court also found that the plaintiff's allegations satisfied the foreseeability component of proximate cause: "According to Ryder, a reasonable peace officer could have foreseen that driving westbound near an eastbound shoulder at night—with headlights and emergency lights illuminated—might confuse drivers, disrupt traffic, and lead to a collision much like the one that ultimately occurred." 453 S.W.3d at 929. Thus, "the alleged harm is of the very character that might reasonably have been anticipated." *Id.* at 903. In *La Joya,* this Court held that the plaintiff's allegations were also sufficient to establish foreseeability. 532 S.W.3d at 903. We explained that: "When, as alleged here, a bus driver stops at an undesignated location in the middle of an expressway in order to pick up a student, it is reasonable to anticipate that the student would attempt to cross the expressway, thereby risking injury or death to the student." *Id.* at 904. In *Harlingen*, we reasoned: "it is reasonable to anticipate that a

student might be thrown against an emergency exit door causing it to open when, as alleged here, a bus is travelling at speeds exceeding sixty-five miles-per-hour over uneven pavement." 2019 WL 1187151, at *5. Thus, we too must determine whether Diaz's pleadings sufficiently alleged that her injuries were foreseeable. *See id.*

In this case, Diaz did not allege that the type of injuries she allegedly sustained were foreseeable. *See id.* Here, the alleged harm is not of the very character that might reasonably have been anticipated because it is not reasonable to anticipate that transporting a person to the local jail in a patrol vehicle—without more—may cause severe trauma, personal bodily injuries, physical pain, head injuries, mental anguish, and physical impairment for the balance of her natural life, especially when a collision is not alleged. The injury here is not of such a general character as might reasonably have been anticipated to one similarly situated. Whereas it is reasonable to anticipate erratic driving where a vehicle is driving toward oncoming traffic with its high beams, reasonable to anticipate injury to student crossing the expressway at an area that is not a designated bus stop, *see id.*, and reasonable to anticipate a student might be thrown against an exit door causing it to open when the bus is traveling in excess of the speed limit on uneven pavement, it is not reasonable to anticipate Diaz's alleged extensive injuries from being transported in the back of patrol vehicle without any additional facts, such as accusing the City of causing a collision.

### 3. Tangible Property

In its plea to the jurisdiction, the City argued its immunity was not waived pursuant to § 101.062(b) because the claim arose from an action taken in response to a 911

14

emergency call but Diaz did not plead that the City's action violated any applicable statute or ordinance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.062(b) ("This chapter applies to a claim against a public agency that arises from an action of an employee of the public agency . . . that involves . . . responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action."). In its plea, the City asserted that Diaz did not allege that the City's use of the handcuffs violated any statute or ordinance, and she did not identify any injury caused by the alleged negligent use of the handcuffs. The City further asserted that Diaz failed to assert a claim under the TTCA involving the tangible use of personal property because she failed to show how the handcuffs were the instrumentality of the harm, failed to allege facts that would establish the handcuffs were misused, and failed to identify any alleged injury proximately caused by the handcuffs. Thus, the City asserted immunity was not waived. *See id.* § 101.021(2) (waiving immunity for a claim for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law".).

In her response to the City's plea to the jurisdiction, Diaz did not address the City's arguments regarding the use of tangible personal property, and specifically limited her response to allegations of the City's use of a motor-driven vehicle. Nonetheless, we agree with the City that Diaz's statement that she was injured "as a result of the negligent transportation while being handcuffed" is insufficient to establish proximate cause. *See Ryder*, 453 S.W.3d at 929. Accordingly, the trial court should not have denied the plea to the jurisdiction on this basis.

15

### 4. Response to Dissent

In *La Joya*, this Court expressly stated that "a plaintiff can satisfy the 'arising from' standard by demonstrating the more exacting standard of proximate cause." 532 S.W.3d at 903. We reaffirmed the same in *Harlingen*. *See* 2019 WL 1187151, at *5. Now, the dissent states this more exacting standard of proximate cause is met with a general assertion of negligence where only one vehicle is involved in causing the alleged injuries. The dissent states that in *Ryder* and *La Joya*, more factually detailed pleadings were necessary otherwise "it would be unclear how the negligence of the *first* driver could proximately cause injuries which directly stemmed from a collision from the *second* vehicle." And here, because only one car was involved the "causal relationship is direct and obvious." The dissent suggests that because only one vehicle was involved here, detailed factual allegations to overcome immunity are unnecessary—that is, Diaz need only allege she was negligently transported to overcome immunity.

However, pleading "negligence," which is a cause of action for which immunity is waived under the TTCA, is not the equivalent of pleading *facts* supporting the cause of action. *See* TEX. CIV. PRAC. & REM. CODE ANN.§ 101.021(1)(A). "[T]he trial court's jurisdiction is ultimately determined by the *facts* alleged." *County of Hidalgo*, 2023 WL 2807216, at *3 (emphasis added). Thus, a plaintiff makes no effort to establish a waiver of immunity based on a recitation of the TTCA's cause of action without providing facts to perform a pleading sufficiency analysis. The Texas Supreme Court has repeatedly instructed courts to review the pleadings for *facts* concerning cause in fact and foreseeability—not for an allegation of negligence—regardless of how many vehicles

16

were involved. *Rattray*, 662 S.W.3d at 867 (providing that a plaintiff discharges the "burden of showing immunity under the TTCA by alleging facts that bring a claim within the waiver"); *Ryder*, 453 S.W.3d at 927 (reviewing a pleading sufficiency challenge for facts); *Miranda*, 133 S.W.3d at 226 (same); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) ("That standard requires the pleader to allege facts that affirmatively demonstrate" jurisdiction.); *La Joya*, 532 S.W.3d at 896 ("The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction."); *see also County of Hidalgo*, 2023 WL 2807216, at *3 ("A plaintiff is required to plead *facts* invoking a waiver of immunity."); *Nueces County v. Sundial Owner's Ass'n, Inc.*, No. 13-18-00074-CV, 2019 WL 1285301, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 21, 2019, no pet.) (same). A plaintiff does not meet its burden of pleading facts affirmatively demonstrating the trial court's jurisdiction by merely alleging the cause of action. *See Tex. Ass'n of Bus.,* 852 S.W.2d at 446.

In *Harlingen*, we did not hold that the plaintiff was not required to provide facts demonstrating of proximate cause because the "causal relationship is direct and obvious" although only one vehicle was involved, *See id.* To contrary, this Court, including the dissent, performed a detailed analysis of all of the plaintiff's numerous and detailed allegations for cause in fact and foreseeability. *See id.* We did not waive the TTCA's proximate cause requirements because only one vehicle was involved. *See id.* There is no case law holding that "detailed factual pleadings are not necessary" to establish how the plaintiff's injuries arose from the use of the vehicle where only one vehicle is involved because in such a case the relationship is direct and obvious. We have found no case

17

law that holds that a plaintiff may circumvent the cause in fact and foreseeability requirements of the TTCA with a general assertion of negligence.

If Diaz's general allegation that the City was negligent without more were to suffice, then the actual provisions of the TTCA would be meaningless: every pleading merely alleging "negligence" would overcome a governmental entity's waiver of immunity, regardless of the lack of other facts, and we would never have a pleading sufficiency case before us to review. *See PHI*, 593 S.W.3d at 303 (providing that the "arises from" "causation element requires that Webb's negligent failure to engage the emergency brake "actually caused" the collision between van and helicopter"). Surely, the legislature did not intend for the sovereign to waive immunity on such meager pleadings, such as these, without facts when only one vehicle was involved in allegedly causing a plethora of injuries. *See id.* (The Supreme Court of Texas has "repeatedly affirmed that any purported statutory waiver of sovereign immunity should be strictly construed in favor of retention of immunity.").

### 5.    Summary

Given the Legislature's preference for a limited immunity waiver in the context of the TTCA, we conclude Diaz's pleadings failed to demonstrate "the more exacting standard of proximate cause," which includes cause in fact and foreseeability.[3] *La Joya,* 532 S.W.3d at 903. To the extent that Diaz continues to complain of the City's negligent use of handcuffs, that pleading also fails. *PHI,* 593 S.W.3d at 303. Because Diaz's

---

[3] For example, Diaz did not allege a collision occurred; Diaz did not accuse the City of driving erratically or suddenly or improperly slamming the brakes; Diaz did not complain she was ejected from the vehicle; Diaz did not allege she was shifting in the backseat, causing her injuries. Instead, the City is left to guess what affirmative acts caused Diaz's injuries.

pleadings did not demonstrate the critical nexus between the City's alleged negligent use of the vehicle and Diaz's injuries, they are insufficient to support a waiver of the City's immunity. *La Joya*, 532 S.W.3d at 903. Accordingly, the trial court should have granted the City's plea to the jurisdiction. *Id.* We sustain the City's sole issue.

## D. Remand

The City requests that we dismiss Diaz's case with prejudice because it claims that Diaz has had ample time to amend her pleadings. However, if a plaintiff "fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Here, Diaz's pleadings do not affirmatively *negate* the existence of jurisdiction as a matter of law. That is, when Diaz's allegations are taken as true, her pleadings do not demonstrate an incurable defect. If Diaz were to plead sufficient allegations satisfying the cause in fact and foreseeability components of proximate cause, she may perhaps cure the pleading insufficiency. *See Brown*, 80 S.W.3d at 555. Whether Diaz can ultimately prove cause in fact or foreseeability is irrelevant at this stage of the litigation where the City failed to attach evidence to its plea to the jurisdiction. Because the City merely challenged the sufficiency of Diaz's pleadings and Diaz may amend her pleadings to allege cause in fact and foreseeability—regardless of whether those allegations are supported by evidence—we must afford her the opportunity to replead. *See Miranda*, 133 S.W.3d at 226–27 (providing that if the pleadings affirmatively negate the existence of

19

jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff the opportunity to replead). Accordingly, we remand the case to the trial court with instructions to afford Diaz the opportunity to replead. *Id.*

## IV. CONCLUSION

We reverse the trial court's order denying the City's plea to the jurisdiction, and we remand the case to the trial for further proceedings consistent with this memorandum opinion.

JAIME TIJERINA
Justice

Dissenting Memorandum Opinion by Chief Contreras.

Delivered and filed on the
7th day of March, 2024.